By the Court, Welles, J.
The court charged the jury, after the evidence was closed, that if they believed the evidence of the girl (the said Hannah Naughton), they should find the defendant guilty of abduction under the second count of the indictment, or should acquit him; that he could only be found guilty under the second count of the indictment; and according to the bill of exceptions, the conviction was under that count, although the record states that the defendant “ was found guilty of abduction.”
I think, therefore, that as the court instructed the jury in no event to convict the defendant unless they believed the evidence of the girl, and in that case to convict of abduction under the second count of the indictment, we should confine our examination to the questions whether the second count contains the statement of an indictable offense; and if it does, whether it was sustained by evidence sufficient to be submitted to the jury.
*124 1. Does the second count set forth an indictable offense?
It cannot be pretended that there is any statute creating the offense stated in the count in question, unless it be-section twenty-six of article one, of title two, of chapter one, of part four, of the Revised Statutes.- (2d R. S. 664, § 26.) That section provides “That every person who shall take away any female under the age of fourteen years, from her father, mother, guardian, or other person having the legal charge of her person, without their consent, either for the purpose of prostitution, concubinage or marriage, shall upon conviction thereof, be punished,” &c.
The second count contains substantially a charge of the offense aimed at in this section. It states also, in addition to the offense described in the section that the female was taken with intent to compel her, by force, menace and duress, to be defied, and for the purpose of prostitution, &c. The section omits the intent charged in the count, but states the purpose. I incline to think the intent stated may be regarded as surplusage, and the count would then be sufficient without it. The crime is the taking a female under fourteen years of age from certain persons mentioned, for one of three purposes stated, and the second count alleges that the female was taken for all of those purposes. This, in my opinion, does not vitiate the count.
2. The remaining question is, whether the second count in the indictment was sustained by evidence sufficient to be submitted to the jury. In considering this question we are confined to the testimony of the female Hannah Haughton, who was alleged to have been taken away, as the court below put the case to the jury solely upon her evidence, as applied to the second count. In my opinion the evidence of the girl fell short in several respects, of being sufficient to produce a conviction under that count— and first, as to the taking away. The evidence of the girl in question does not show that she was taken away from any one according to her testimony, The first she ever *125 saw of the defendant was on Clinton street, in the city of Rochester; that a little girl, Mary Brock, was with her after Christmas, 1861, in the morning, eight or nine o’clock or at noon; they had no conversation—she states “We girls laughed at his long beard.” He turned round; the next time the said Hannah Haughton saw him was in Buffalo street about a month after that; she was alone; defendant passed by her and then came back and said to her he thought he knew her. She told him he was mistaken in the person. He told her he had seen her before; she then said to him she had seen him in Clinton street. Then follows a long statement of conversations and meetings between her and the defendant, and transactions between them tending to show a brutal desire on the part of the defendant to have carnal intercourse with the girl, and a gradual yielding on her part, which resulted in his attempt to consummate his design, but which according to her account failed of success, in all of which there was no compulsion on his part, nothing but coaxing and persuasion, to which she appears to have voluntarily yielded; she was during these transactions living with her sister Mrs. Quine. It does not appear that the defendant was ever at Mrs. Quine’s; all the meetings he had with her were in the streets. His conduct shows an attempt to seduce her, and the testimony of the girl does not tend to show .that there was any taking of her in the sense of the statute, which contemplates some positive act to get the female away from the person having the legal charge of her; nothing of that kind appears.
Second. There is an entire absence of evidence tending to show either of the purposes mentioned in the act to characterize the taking, if there had been one. It is impossible to believe from the testimony of the girl, that there was a purpose of her prostitution, as that term is to be understood in the statute. In Carpenter agt. The People (8 Barb. S. C. R. 603), we had occasion to consider *126 carefully the sense in which the same word was used in a cognate statute, and we there held that it meant the practice of a female offering her body to the indiscriminate intercourse with men; the common lewdness of a female— we think the word was used in the same sense in the statute under which the defendant was convicted.
Was there a purpose of concubinage? A purpose to make of her his concubine? Such an inference from the girl’s testimony it seems to me is preposterous. The defendant was a married man living with his wife and keeping house in the city of Rochester, and the girl under fourteen years of age, too young and physically too undeveloped, as her evidence shows, to be able to afford him any of that gratification which the presumed motive for such a relation implies; and, when finally, he discovered this fact, in an attempt to have sexual intercourse with her, and failed for that reason, he abandoned his pursuit, as it does not appear that he met or saw her afterwards.
Third and last; was there a purpose of marriage ? This question is too plain for argument. There is not a syllable of evidence to warrant a suspicion of the existence of such a purpose.
There is, however, another fatal objection to the conviction in this .case, and that is that the first, third and fourth counts are entirely undisposed of by the verdict. This was held by this court in Baron agt; The People (1 Park. Cr. R. 246), to be an error for which the judgment should be reversed.
For each of the foregoing reasons the conviction should be reversed. Judgment reversed.