## VILLINES v. STATE.

(*Nashville.*  February 1, 1896.)

1. INDICTMENT. *Of retail druggist for violation of Acts 1893, Ch. 39.*

An indictment which charges that a retail druggist unlawfully compounded and dispensed medicines, filled prescriptions of physicians, and sold for medical purposes drugs, chemicals, poisons, and other like preparations, in violation of the requirements of Sec. 1, Ch. 39, Acts 1893, is good, although it fails to negative the proviso contained in said section excepting physicians from its operation.

Acts construed: Acts 1893, Ch. 39.

2. SAME. *Rule as to negativing exceptions.*

Whether an indictment shall negative a proviso contained in the statute creating an offense depends not upon the place that the proviso occupies in the statute, but rather upon its relation to that clause of the statute defining the offense. That the proviso is in the same section that defines the offense does not constitute it part of the enacting clause, or require that it should be negatived. "Section" and "enacting clause" are not synonymous. If the proviso is so expressed in the statute as to be incorporated in the definition of the offense, the indictment must negative the proviso, otherwise it need not be done, although the proviso may be contained in the section that defines the offense.

Cases cited and approved: State v. Ladd, 2 Swan, 225; 2 T. R., 581; 17 Wall., 168; 11 Cush., 130.

Cited and disapproved: Mathews v. State, 2 Yer., 233.

---

### FROM DAVIDSON.

---

Appeal in error from Criminal Court of Davidson County.  J. M. ANDERSON, J.

W. H. WASHINGTON and J. M. QUARLES for Villines.

Attorney-general PICKLE and LEE BROCK for State.

BEARD, J.    The plaintiff in error was a druggist, in Nashville, in this State.    He was indicted for carrying on his business as such in violation of Sec. 1, Ch. 39, of the Acts of the Legislature of 1893, which, as far as it is necessary to set it out, is as follows: "*Be it enacted*," etc., "That from and after the passage of this Act it shall be unlawful for any person, not a registered pharmacist, within the meaning of this Act, to open or conduct any pharmacy or retail drug or chemical store, as proprietor thereof, unless he shall have in his employ, and place in charge of such pharmacy or retail drug or chemical store, a registered pharmacist, within the meaning of this Act, who shall have the supervision and management of that part of the business requiring pharmaceutical skill and knowledge, or to engage in the occupation of compounding or dispensing medicines or prescriptions of physicians, or of selling at retail, for medical purposes, any drugs, chemicals, poisons, or pharmaceutical preparations within this State, until he has complied with the provisions of this Act; *Provided*, That nothing in this section shall apply to or in any manner interfere with the business of any physician, or prevent him supplying to his patients such articles as may seem to him proper," etc.

There were two counts in the indictment, the first charging him with carrying on a pharmacy or retail drug store without having in charge of its operations a registered pharmacist, qualified according to the requirements of that Act, and the second alleging that he had unlawfully engaged in the business of compounding and dispensing medicines, and of selling at retail, for medical purposes, drugs, chemicals, poisons, and pharmaceutical preparations without having complied with the provisions of the Act.

Upon the trial he was found guilty on both counts, and judgment was accordingly entered against him.   The trial Judge having overruled his motions for a new trial and in arrest of judgment, he has brought the case to this Court.

It is insisted here that his motion in arrest should have been sustained in the Court below, because the indictment failed to state that the defendant did not fall within the proviso or exception to the first section of the Act as set out above.

The question presented in this contention has been productive of much confusion and some real or apparent conflict of authority.   It is a general rule that, where an offense is created by statute, an indictment setting out the offense in the words of the statute is sufficient (*State* v. *Ladd*, 2 Swan, 225) and, if the statutory words embrace an exception, then "it is clear that no indictment founded upon the statute can be good which does not contain an allegation that the accused is not within the excep-

tion, as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offense is composed." *Rex* v. *Mason*, 2 T. R., 581.

On the other hand, "if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense, and must be shown by the accused." *Steel* v. *Smith*, 1 Barn. & A., 99.

It has been generally agreed among the Courts and the text writers, that if the provision or exception was found in a subsequent and independent section of the same Act, then the State discharged its full duty to the accused when it presented an indictment charging the offense, leaving it to the defendant, if he was able, to bring himself within the clause of exemption. The confusion has been in those cases where the clauses creating the offense and providing the exception were found in the same section. In such cases it has been found that a considerable number of judges, and possibly commentators, have held the rule to be that a failure to negative the exception, when charging the offense, was fatal to the indictment. This rule is well and soundly applied in cases where the exception is so intermingled with the offense in the language defin-

Villines *v.* State.

ing it, that the latter cannot be fully stated when the former is omitted, but, as before remarked, when the two are distinctly separable, so that the offense, with all its ingredients, may be stated without reference to the exception, the fact that both are found in the same section will not warrant the application of the rule.     Judge Clifford, in his very able opinion in *United States* v. *Cook*, 17 Wall., 168 (S. C., Law. Co-op. Ed., Book 21, 538), shows that this error is the result of "supposing that the words 'enacting clause,' as frequently employed, mean the section of the statute defining the offense, as contradistinguished from a subsequent section in the same statute."     This, however, is a misapprehension of the term.     "The difference, therefore, is to be found, not in the place that the proviso occupies in the statute, but rather in its relation to that clause of the statute defining the offense.     Is it so incorporated with the substance of that clause as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offense?     If so, then the indictment cannot safely omit to negative it.     But if it is not so incorporated, then it is a matter of defense, and must be shown by the other party, though it be in the same section, or were in the succeeding sentence."     *United States* v. *Cook*, *supra*.

The rule is tersely stated in Section 238 of Wharton's Pleading and Practice, as follows: "Unless the proviso is so expressed in the statute as to be

10—12 P

incorporated in the definition of the offense, it is not necessary to state in the indictment that the defendant does not come within the exception." In Section 241 the same author gives illustrations which serve to make clear the distinction in the cases. This is but the application to criminal procedure of a well-established rule in the civil Courts: "In pleading a private instrument of contract, if such instrument contains in it, first, a general clause, and afterwards a separate and distinct clause, which has the effect of taking out of the general clause something that would otherwise be included in it, a party relying on the general clause may set out that clause only, without reciting the separate and distinct clause which operates as an exception; but if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it, together with the exception." Gould's Pleading, Sec. 4; *Corn* v. *Hart*, 11 Cush., 130.

An examination of the statute in question discloses that the ingredients constituting the offense are there defined in a clause distinctly separable from the proviso or exception. As the indictment clearly follows the statutory definition of these offenses, it results that the trial Judge was not in error in overruling the motion in arrest. It is urged, however, that *Matthews* v. *The State*, 2 Yer., 233, is in conflict with this view. It will be found that the rule here announced was recognized in that

case, but it was applied to wrong conditions. It is very evident that this misapplication was the result of the error into which the Court fell of using the term "enacting clause" in an improper sense, as was observed by Judge Clifford in *United States* v. *Cook, supra.* But, however this may be, we are satisfied that the distinction here taken and the rule announced in this opinion are sustained by the sounder reason and the great weight of authority.

The judgment of the lower Court is therefore affirmed.