STATE OF TENNESSEE *v.* J. W. BREWER, JR.

(*Knoxville,* September Term, 1931.)

Opinion filed October 17, 1931.

NAT TIPTON, Assistant Attorney-General, for plaintiff in error.

GAMBLE, GODDARD & GAMBLE, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the court.

This is an appeal by the State from the judgment of the trial court sustaining a motion to quash an indictment for embezzlement, on the ground that the indictment is too vague, indefinite and general in its terms and does not give the defendant sufficient notice of the charge which he is called upon to answer, etc. Embezzlement is defined in our Statute, Shannon's Code, Section 6576, as follows:

"Any officer, agent, or clerk, of any incorporated company, or any clerk or agent of a co-partnership, or private person, except apprentices and other persons under the age of 18 years, who embezzles or fraudulently converts to his own use any money or property of any other, which has come to his possession, or is under his care by virtue of such employment, shall on conviction be punished by confinement in the penitentiary not less than five years nor more than twenty years."

The indictment in the instant case charges: "That J. W. Brewer, Jr., late of the said County, heretofore, to-wit, on or about the 1st day of June, A. D., 1926, in the County of Blount aforesaid, then and there, unlawfully, feloniously and fraudulently, while he was employed as an agent and salesman by the Blount Motor Co., a co-partnership, composed of T. C. Drinnen, and F. H. Drinnen, and as such agent aforesaid for said Blount Motor Co., aforesaid charged with the duty of selling automobiles and making collections of money for the said Blount Motor Company aforesaid, did fraudulently and feloniously embezzle and convert to his own use certain lawful money, United States Currency, to-wit, Two Thousand Five Hundred ($2,500.00) Dollars which said money belonged to and was the property of said Blount Motor Company aforesaid, and came into the possession of the said J. W. Brewer, Jr., aforesaid by virtue of his said employment as the said agent and salesman of the Blount Motor Company aforesaid, against the peace and dignity of the State."

In substance the Statute above quoted defines embezzlement as a fraudulent conversion by an agent or employee of property of his employer which has come to his hands, or into his possession, by virtue of such employment. It will be observed that the indictment, *supra,* charges, in substance, "(1) an employment of the defendant in error as the agent of a co-partnership; (2) the fraudulent conversion of a certain sum of money by defendant in error, the property of said partnership, and, (3) that the money so fraudulently converted came into the possession of the defendant in error by virtue of his employment as an agent of the partnership."

It thus appears that the indictment in this case contains all of the essential averments.

In the case of *Ingram* v. *State,* Knoxville Criminal, decided by this Court at the September term 1930, memorandum opinion by Mr. Justice Cook, the sufficiency of an indictment, substantially similar to the one now before us, was sustained. In that case this Court said:

"The indictment specifically charges that in October, 1929, plaintiff in error embezzled $1,000.00 of his employer's money, which came to his possession as an agent and collector. This sufficiently identified the offense and gave him sufficient information to enable him to prepare and meet the charge. It was not necessary that the indictment itemize the several transactions of the plaintiff in error, as agent, with the third persons from whom he received the money before embezzling it. See *State* v. *Blakemore,* 226 Mo., 560; 27 L. R. A. (N. S.) 415."

In this Court for the first time, in concluding their reply brief, counsel make the point that the indictment in this case "does not negative the proposition that the defendant is an apprentice, or other person under the age of 18 years." This point not having been raised in the trial court, the objection of the State to its consideration here is probably well taken, but waiving this objection, the Court is of opinion that this negative matter is non-essential to the validity of the indictment. While there has been some confusion in the authorities, it appears to be settled by our later cases that exceptions appearing in the Statute of this nature are matters of defense and unnecessary to be specifically negatived in the indictment, or proven in chief by the State.

The principle applicable to negative exceptions in a statute defining an offense is dealt with in *Griffin* v.

*State,* 109 Tenn., at page 22, and the Court cites as illustrating the principle *Villines* v. *State,* 96 Tenn., 141; *State* v. *Jackson,* 1 Lea, 680, and *Lambeth* v. *State,* 3 Shannon 754. *Griffin* v. *State* was an indictment for abduction of a female, and the exception relating to unchastity was a qualification resting on judicial construction and not contained in the statute, but the principle applicable is the same. In the late case of *Benton* v. *State,* 158 Tenn., at page 277, *Griffin* v. *State, supra,* is approved.

The exception as to age and apprenticeship appearing in the embezzlement statute is altogether negative in its nature and wholly a matter of defense and the statutory offense is fully charged without reference to, or express negation of, this exception. The case is thus to be distinguished from the holdings dealing with the offense of pistol carrying. In *Wehunt* v. *State,* 136 Tenn., 223, Mr. Justice NEIL reviewed and distinguished our cases and found that the exception in the pistol statute of an Army or Navy pistol, ''is so intermingled with the offense in the language defining it, that the latter cannot be fully stated when the former is omitted.'' It was held that in that statute the words of the exception constituted a part of the description of the offense. We do not find this to be true of the exception in the embezzlement statute now under consideration.

The judgment is reversed and the case remanded.