HOBBS *v.* SMITH.

(*Nashville,* December Term, 1936.)

Opinion filed February 13, 1937.

TURNER & HASTON, of McMinnville, for plaintiff in error.

JAMES F. JOHNSON, of McMinnville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the conditional vendee of a cow, the animal having been reclaimed by the conditional vendor, to recover payments made because the sale of the cow was not advertised within ten days after the vendor regained possession. The suit was dismissed by the magistrate and by the circuit court and, upon appeal, by the Court of Appeals. We have granted a petition for *certiorari*.

The plaintiff testified that he bought the cow from one R. E. Smith at a contract price of $40 and executed a note for that sum to said Smith. That title to the animal was retained in the face of the note by Smith. That plaintiff paid $20 on the note, which sum was duly credited, but made no further payments, and the cow and her offspring were replevied by Smith. Plaintiff's testimony indicated that the replevin suit was contested and reached the Court of Appeals. His proof stopped there. Defendant introduced no proof.

In *Whitelaw Furniture Co.* v. *Boon,* 102 Tenn., 719,

52 S. W., 155, it was held that where a conditional vendor reclaimed property from his vendee, because, of the failure of the latter to pay the full purchase money as provided in the contract of sale, the burden was on the vendor, in a suit by the vendee for that part of the purchase money paid before reclamation, to prove a compliance with the requirements of section 4, chapter 81, of the Acts of 1889 (section 7291, Code 1932). This section of the Code is as follows:

"Should the seller or assignee, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived a provided), the original purchaser may recover from said seller or assignee that part of the consideration paid to him, in an action for the same before any justice of the peace or court having jurisdiction of the amount."

A previous section of the Code, section 7287, provides that the vendor, after advertisement in the manner set out, shall within ten days after regaining possession sell the reclaimed property.

The Court of Appeals recognized the authority of *Whitelaw Furniture Co.* v. *Boon, supra,* but was of opinion that in order to place the burden of proving compliance with the statutory provisions as to sale upon the vendor it was necessary for the vendee to show not only a reclamation of the property by the vendor, but to show that he (the vendee) had not waived the statutory sale.

This would be easy to follow if it were part of plaintiff's case to prove that he had not waived the sale. The parenthetical clause in section 7291 of the Code constitutes an exception to the provisions of that section.

The rule is in a suit on a written instrument containing a general clause and an exception the plaintiff, relying on the general clause, need not negative the exception in his pleading unless the exception is incorporated in and a part of the general clause conferring the right upon which plaintiff sued. *Villines* v. *State,* 96 Tenn., 141, 146, 33 S. W., 922.

The rule is the same in criminal pleadings, *Villines* v. *State, supra,* and is illustrated in many decisions of this court.

In *McHenry* v. *State,* 168 Tenn., 667, 80 S. W. (2d), 655, 656, for instance, it is said to be well established that, "when a statute creates a substantive criminal offense, the description of the same being complete and definite, and by subsequent clause, either in the same, or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted cases need not be negatived in the indictment."

To like effect, see *State* v. *Brewer,* 163 Tenn., 215, 42 S. W. (2d), 344; *Griffin* v. *State,* 109 Tenn., 17, 70 S. W., 61; *Villines* v. *State, supra.*

Under these authorities we think it was not incumbent to the plaintiff to prove as part of his case that he had not waived the statutory sale. His case was made out short of that under *Whitelaw Furniture Co.* v. *Boon, supra.*

A more rigorous rule of pleading should not be applied to a plaintiff in a civil suit, based on the general provisions of a statute, than is applied to the state in a criminal prosecution, based on the general provisions of a statute.

It is suggested by the defendant that the judgment

of the Court of Appeals can be sustained on other grounds, but we think such grounds are insufficient, and the judgment of the Court of Appeals is reversed and judgment here for the plaintiff.