THORNBERG *v.* E. T. & W. N. C. MOTOR TRANSP. CO.

WHEELOCK *v.* SAME.

COFFEY *v.* SAME.

(*Knoxville,* September Term, 1941.)

Opinion filed November 23, 1940.

Designated for publication January 7, 1942.

GLENN M. ELLIOTT, of Johnson City, for plaintiffs in error.

JAMES H. EPPS, SR., of Jonesboro, and COX, TAYLOR, EPPS & MILLER, of Johnson City, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

These suits were brought by employees of the defendant to recover from it certain compensation for over-

time to which they claim to be entitled under the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U. S. C. A., section 201 et seq. The suits were brought before a magistrate and demurrers were interposed by defendant. The demurrers were sustained by the magistrate and the cases appealed to the circuit court. In the circuit court in each case the defendant "without waiving its demurrer heretofore filed and expressly relying thereon" interposed pleas.

The matter came on to be heard before the trial judge and he sustained the demurrers without considering the effect of the pleas thereupon. This course seems to have been followed by consent and the case comes up to us on appeal from the ruling of the trial judge on the demurrers. We do not think the case can be disposed of on demurrers. The defendant may have adequate defense to these suits but the demurrers are not adequate under our practice to bring about a dismissal of the suits. The warrants issued by the magistrate in these cases stated the nature of the suits with more particularity than is usually required in such process from the court of a justice of the peace. At any rate, for the present we are confined to considering the objections raised by the demurrers.

The first ground of demurrer is "Because plaintiff's warrant does not state a cause of action against the defendant under the Fair Labor Standards Act of 1938, sued on, or otherwise."

Demurrers of this sort were abolished in this jurisdiction by chapter 152 of the Acts of 1851-52, carried into the Code at section 8784, as follows: "Demurrers for formal defects are abolished, and those only for substantial defects are allowed. All demurrers shall state the objection relied on."

The first ground of demurrer above quoted amounts to nothing but a statement that the warrants are insufficient in law. It is general with no specification of defects. Such demurrers are not good in this jurisdiction.

The second ground of demurrer is "Because the warrant shows on its face that at no time did plaintiff's wages amount to less than twenty-five cents per hour, which is the minimum wage fixed by Section 6 of said Act."

The warrants herein show that plaintiffs had been receiving wages in excess of twenty-five cents an hour, but we find nothing in the act to limit the maximum hours provision to employees receiving less than twenty-five cents an hour. Section 6 of the Act provides:

"(a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—

"(1) during the first year from the effective date of this section, not less than 25 cents an hour."

Other sections provide for increased wages for subsequent years. Section 7 of the Act, however, dealing with maximum hours, provides:

"(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section."

Other subsections of section 7 reduce the maximum hours for subsequent years and employment for longer hours is unlawful "unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

By the language of the statute, therefore, the one and one-half pay for over time is one and one-half times the rate at which the particular employee is employed, whatever that may be.

The third ground of demurrer is "Because the Act expressly provides that the provisions of Section 7, which provides for maximum hours, shall not apply with respect to any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935 [49 U. S. C. A., section 304], and said section of said Motor Carrier Act requires said Interstate Commerce Commission to regulate the qualifications and maximum hours of service to employees of common carriers by motor vehicle, the plaintiff's warrant does not allege facts showing that the defendant is not within said exemption or exception of said wage and hour law."

The warrants merely allege that plaintiffs are employees of the defendant. The exemption or exception referred to in the demurrer is contained in section 13 of the Fair Labor Standards Act. It is:

"The provisions of section 7 [207] shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act of 1935 [304 of Title 49] . . ."

Now, plainly, section 13 above quoted is an exception of certain employees from employees generally dealt with in section 7. It is not incumbent on the plaintiffs herein to negative their exception from the statute in their pleadings.

■ "The rule is in a suit on a written instrument containing a general clause and an exception the plaintiff, relying on the general clause, need not negative the exception in his pleading unless the exception is incorporated in and a part of the general clause conferring the right upon which plaintiff sued. *Villines* v. *State,* 96 Tenn., 141, 146, 33 S. W., 922." *Hobbs* v. *Smith,* 171 Tenn., 176, 101 S. W. (2d) 474, 475.

The same rule applies to a suit founded on a statute. Indeed, in a criminal prosecution by the State founded on a statute, the State is not required to negative an exception to the statute unless the exception is a part of the description of the offense. *McHenry* v. *State,* 168 Tenn., 667, 80 S. W. (2d) 655; *State* v. *Brewer,* 163 Tenn., 215, 42 S. W. (2d) 344; *Griffin* v. *State,* 109 Tenn., 17, 70 S. W., 61; *Villines* v. *State, supra.*

In the case of *United States* v. *American Trucking Associations,* 310 U. S., 534, 60 S. Ct., 1059, 84 L. Ed., 1345, decided by the Supreme Court of the United States on May 27, 1940, a majority of the court held that the jurisdiction of the Interstate Commerce Commission was limited to those employees whose activities affected the safety of operation. That the Commission had no jurisdiction to regulate the qualifications or hours of service of any others.

The warrants here merely disclose that the plaintiffs are employed at defendant's garage without indicating the nature of their employment.

■ Under its first ground of demurrer the defendant contends that the warrants do not show that it was engaged in commerce and it is insisted that this is a jurisdictional averment under this statute. Had this objection been made specifically, as our practice requires, it

would have been entitled to serious consideration. Apparently it was conceded below that the defendant was engaged in commerce else there would have been no excuse at·all for the third ground of demurrer.

All the substantial matters that defendant urges against these suits are available to it under its pleas. The demurrers, however, are not good and the judgment of the trial court rendered in each of the cases is reversed and all the cases remanded for further proceedings. The defendant will pay the costs of the appeal.