RICHARDS *v.* STATE.

(*Knoxville,* September Term, 1940.)

Opinion filed December 18, 1940.

J. ARTHUR ATCHLEY, of Knoxville, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

Referring to the first count of the indictment, it is apparent that the charge made therein was that defendants Richards and Denny conspired together in the State of Kentucky to obtain money from Margolies by false representation and that in pursuance of this conspiracy Denny (not Richards) came into Knox County, Tennessee, and then and there obtained from him the sum of $140 by the false representations set forth.

Richards, on his trial, was found guilty of obtaining money by false pretenses, not of a conspiracy to obtain money by false pretenses.

■ The position taken by the State is that under the first count of the indictment Richards was properly convicted of the offense of obtaining money by false pretenses. It is undoubtedly true that under an indictment charging conspiracy to obtain money by false pretenses and obtaining money by false pretenses, proof of either offense so charged would be sufficient to support a conviction. *Cornell* v. *State,* 66 Tenn. (7 Baxt.), 520; *Griffin* v. *State,* 109 Tenn., 17, 70 S. W., 61. In the case of *Chapple* v. *State,* 124 Tenn., 105, 135 S. W., 321, it was held that under the first count of the indictment charging burglary and charging larceny of goods from the house so broken into, a conviction for larceny was proper though the ownership of the house was not as laid in the indictment. This principle seems well established by our cases.

The case of *Stone et al.* v. *State of Tennessee* (unpublished opinion September Term, 1936) is not in point. In that case it was specifically charged in the indictment that the three persons charged with conspiracy to kidnap and kidnapping were all present in Knox County and there consummated the crime of kidnapping.

■ Section 11473 of the Code is as follows: ''When

the commission of an offense commenced without this state is consummated within its boundaries, the person committing the offense is liable to punishment therefor in this State, although he was out of the state at the commission of the offense charged, if he consummated it in this state, through the intervention of an innocent or guilty agent, or by any other means proceeding directly from himself; and, in such case, the jurisdiction is in the county in which the offense was consummated, unless otherwise provided by law.''

Giving effect to the above section, it makes no difference that Richards remained in the State of Kentucky and did not go into Knox County and obtain money from Margolies by false pretenses. If the commission of the offense commenced in Kentucky and was consummated in Knox County, Tennessee, by the intervention of an agent sent by Richards, the jurisdiction of the offense was in Knox County.

In the above view, the petition to rehear must be granted.

Upon a consideration of the other assignments of error made in the case by defendant, we find no merit therein. The evidence does not preponderate in favor of the innocence of defendant. The result is that the judgment of the trial court must be affirmed.