### ROBBINS v. ZABARSKY et al.
### No. 1781.

District Court, D. Massachusetts.
May 7, 1942.

868

Maurice Mitchell, of Boston, Mass., for plaintiff.

Sterry R. Waterman, of St. Johnsbury, Vt., and Donald Stahl, of Boston, Mass., for defendants.

FORD, District Judge.

The plaintiff brings this action to recover unpaid wages and liquidated damages pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b). The case comes before the court on the defendants' motion to dismiss the action because the complaint fails to state a claim against these defendants on which relief can be granted.

The complaint sets out that the defendants do business as co-partners under the firm name and style of St. Johnsbury Trucking Co., with offices in St. Johnsbury, Vermont, and Cambridge, Massachusetts, and that they were at all times hereinafter mentioned engaged in transporting goods, wares, and merchandise from one state to another; that the defendants employed about one hundred men and women in this business of interstate transportation; that the plaintiff was

employed by the defendants as a mechanic and as a foreman of mechanics; that he was employed to repair and service the trucks and equipment of the defendants, which were used in transporting, shipping, and delivering goods in interstate commerce, and that he also was engaged as a foreman to superintend and direct other mechanics who repaired and serviced the trucks and equipment of the defendants used in interstate transportation; that although the plaintiff worked 63 hours in one week and 73½ hours in the next week at given hourly rates, the defendants failed to pay him for all hours worked in excess of 44, 42, and 40 hours (at intervals, the longest permissible week at regular rates of pay varied under the Fair Labor Standards Act) at a rate one and one-half times the regular hourly rate of pay, as is provided by Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207.

The defendants base their motion to dismiss on Section 13(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 213(b), which provides that: "The provisions of section 207 shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49; * * *". Section 304(a) (1) of Title 49 provides that: "It shall be the duty of the Commission—(1) To regulate common carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to * * * qualifications and maximum hours of service of employees, * * *". Section 304(a) (2) gives the Commission power to make similar requirements of contract carriers and 304(a) (3) gives it such power over private carriers "if need therefor is found".

■ In United States et al. v. American Trucking Associations, Inc., et al, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, the Supreme Court defined the power conferred on the Commission by Section 304. The court held that the grant of power to establish requirements as to maximum hours of service was limited to employees whose duties affect the safety of operation of interstate motor carriers.

■ The question in the instant case is, therefore, whether the plaintiff is an employee whose duties affect the safety of operation of the defendants' business. The complaint states he was employed as "a mechanic to repair and service the trucks and equipment of the defendants" and "as a foreman to superintend and direct other mechanics who repaired and serviced the trucks and equipment of the defendants". I believe that in such capacity it is clear that his duties would be such that the safety of the defendants' operations would be affected by his manner of performing them. Such essentials as adequate brakes and proper electrical equipment would be his responsibility. Carelessness on his part, either in performance or in supervising performance of service and repair jobs, might result in the creation of great hazards in the operation of the vehicles.

■ On March 4, 1941, the Interstate Commerce Commission itself, published a report in Ex Parte No. MC-2 and Ex Parte No. MC-3 to the effect that mechanics, loaders and drivers' helpers employed by common, contract, and private carriers perform duties which affect the safety of operation of motor vehicles and are, therefore, subject to the Commission's authority to prescribe qualifications and maximum hours of service pursuant to section 304(a) of the Interstate Commerce Act. This administrative interpretation of the Act, by the body entrusted with its enforcement, is entitled to great weight. United States v. American Trucking Associations, Inc., et al, supra; Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 324, 325, 53 S. Ct. 350, 77 L.Ed. 796. And in West v. Smoky Mountains Stages, Inc., D.C., 40 F.Supp. 296, where this question was raised, the court thought it too clear for extended discussion that the duties of a mechanic affected "safety of operations". (Cf. also Tinerella et al v. Des Moines Transportation Co. Inc., D.C., 41 F.Supp. 798, 800. It follows that a mechanic, or foreman of mechanics, is subject to the jurisdiction conferred on the Interstate Commerce Commission by Section 304 and hence is exempted by Section 13(b) from the operation of the Fair Labor Standards Act.

■■ The plaintiff objects to dismissal of the complaint on the ground that the question whether he is within the exemption should not be decided on a motion to dismiss. I do not believe that this objection is well grounded. "Failure to state a claim" Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, may be due to setting up too many facts as well as too few. Cf. A. G. Reeves Steel Construction Co. v. Weiss, 6 Cir., 119 F.2d 472, 473, certiorari denied, November 10,

1941, 62 S.Ct. 181, 86 L.Ed. —— (that statute of limitations had run appeared on the face of the complaint) ; Snowhite v. Tide Water Associated Oil Co. et al., D.C., 40 F.Supp. 739. In the case of Fleming v. Hawkeye Pearl Button Co. et al., 8 Cir., 113 F.2d 52, the District Court had dismissed a complaint under the Fair Labor Standards Act on the ground that the complaint showed that the plaintiff was within one of the exemptions under Section 13. The Circuit Court of Appeals intimated no disapproval of the procedure, although it reversed because it held that as a matter of law the exemption did not apply to the plaintiff. It, therefore, seems that if facts are alleged in the complaint which make it possible to determine whether the exemption applied, the legal question of applicability of the exemption may be determined on a motion to dismiss. Cases cited by the plaintiff such as Thornberg et al. v. E. T. & W. N. C. Motor Transportation Co., Tenn.Sup., 157 S.W.2d ·823 and Fleming v. Wood-Fruitticher Grocery Co., Inc., D.C., 37 F.Supp. 947 are distinguishable on the ground that there the allegations of the complaint were insufficient to enable the court to determine the question of law raised by the motion to dismiss.

■■■ I cannot agree with the plaintiff's further contention that his allegations are insufficient to justify the action here taken because the proof might show he was not within the jurisdiction of the Interstate Commerce Commission. The plaintiff's description of his job is sufficiently minute to give an ordinary person a clear impression of the nature of his duties. These duties were to "service and repair" the defendants' trucks. This would involve adjusting the machinery of motors, brakes, and so on. The manner of performance of these duties would affect the safety of operation of the defendants' vehicles. Whether the defendants are public, private, or common carriers, the Interstate Commerce Commission has power to regulate those of the defendants' employees whose activities affect safety of operations. If the Interstate Commerce Commission has the power to fix maximum

hours for a given employee, the Fair Labor Standards Act is not applicable to him, regardless of whether or not the Commission has exercised the power. That is the plain language of Section 13(b) (1) and the construction by the courts has followed it. West v. Smoky Mountains Stages, Inc., supra; Magann v. Long's Baggage Transfer Co., Inc., D.C., 39 F.Supp. 742.

The plaintiff next argues that among the duties normally suggested by "servicing and repairing" would be oiling, greasing, and washing of trucks; that it might be shown at the trial that the plaintiff spent much time at this employment, and that it is set out in Interpretative Bulletin No. 9 (p. 5) issued by the Wage and Hour Administrator, revised to March 1942, that: "It is the opinion of the Division that Congress did not intend that this exemption should be available as a vehicle to exempt employees who engage in a substantial amount of work other than that which forms the basis of the exemption. 'A substantial amount of nonexempt work' as used in this connection will be regarded by the Division as meaning any amount of work in excess of 20 percent of the total number of hours worked by a particular employee within a particular workweek" and (p. 3) that: "Similarly, mechanics do not include garage employees who merely oil, gas, grease, or wash motor vehicles, * * *".

Assuming, arguendo, this interpretation is correct and applicable to a different set of facts, which the plaintiff may set up in a subsequent complaint, yet, I believe, the plaintiff here has so plainly described himself as a mechanic and not as one who oils, gases, greases, or washes that the employment relation of himself and the defendants is not within the provisions of the Fair Labor Standards Act. West v. Smoky Mountains Stages, Inc., supra. The interpretation of the Administrator distinguishes between "mechanics" and "garage employees who merely oil, gas, grease, or wash motor vehicles".

The motion to dismiss is granted, without costs.