GREENEVILLE CABINET CO. *v.* HAUFF *et ux.*

(*Knoxville*, September Term, 1953.)

Opinion filed December 11, 1953.

S. J. MILLIGAN and F. H. PARVIN, both of Greeneville, for appellant.

LEON E. EASTERLY and THOMAS G. HULL, both of Greeneville, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

Clarence Hauff and wife, appellees here, and Greeneville Cabinet Company, appellant here, were adversaries in a Chancery court suit in which Hauff and wife filed a cross-bill seeking damages on the alleged facts therein stated. Greeneville Cabinet Company demurred to this cross-bill. Its only ground of demurrer was stated as follows: "The cross-bill states no cause of action upon which relief can be granted". The cause came on for hearing, according to the decree, especially upon this cross-bill and the aforesaid demurrer. The Court overruled the demurrer, and allowed Greeneville Cabinet Company a discretionary appeal.

The brief submitted to this Court by the appellant, Greeneville Cabinet Company, gives specific reasons why, according to its opinion, "the cross-bill states no cause of action upon which relief can be granted".

The brief submitted in behalf of Hauff and wife, appellees, concerns itself solely with the proposition that this demurrer is not a pleading under our statute; hence, that it is a nullity. No motion to strike the so-called demurrer was filed by the appellees, cross-complainants below.

The decree of the Chancellor does nothing more than overrule the demurrer without stating whether it is because, in the opinion of the Chancellor, the cross-bill does state a cause of action upon which relief can be granted or whether, in the opinion of the Chancellor, the alleged demurrer is not a pleading under our statute. No reason appears in the record as to why Greeneville Cabinet Company did not incorporate in its demurrer the specific grounds of demurrer as the same are stated in its brief submitted to this Court. The record does not disclose whether Hauff and wife in the Chancery Court hearing resisted the demurrer on the ground that the cross-bill did state a cause of action, or whether, in that Court, it resisted the demurrer on the ground that it was not a pleading allowed by our statute.

Code Section 8784 provides that "all demurrers shall state the objection relied on." In *Thornberg* v. *E. T. & W. N. C. Motor Transp. Co.*, 178 Tenn. 298, 300, 157 S. W. (2d) 823, 824, the first ground of the demurrer was "because plaintiff's warrant does not state a cause of action against the defendant under the Fair Labor Standards Act of 1938, sued on, or otherwise." The Court made reference to the above provision of Code Section 8784, and then held that the demurrer in question "is general with no specification of defects. Such demurrers are not good in this jurisdiction."

A demurrer specifying as its ground that "plaintiff's warrant does not state a cause of action against the

defendant'' (the ground stated in Thornberg case, supra), is no more general in nature, or any less specific, than a demurrer specifying as its ground that ''the cross-bill states no cause of action upon which relief can be granted'' (the ground stated in the instant case). The holding in the Thornberg case, supra, is, therefore, conclusive in the instant case and necessitates a holding that in the instant case the demurrer interposed by Greeneville Cabinet Company is ''not good in this jurisdiction'' by reason of Code Section 8784.

The proper pleading to get rid of a demurrer that is not good because it fails to specifically state the objections relied upon is by motion to strike or have it set out more specifically the objections it has to the bill. *Greenwood* v. *Rickman*, 145 Tenn. 361, 377, 235 S. W. 425.

In so far as this record discloses, both complainant and defendants here proceed behind a curtain of secrecy as to what each had in mind to do to the other. Such concealment in pleadings or in court proceedings is not approved. In the instant case had either side sought to give the adversary the specific grounds upon which reliance was intended it is reasonable to think that maybe this appeal would not have followed. Certainly this Court would not have been confronted with the present situation.

The situation being as herein stated, the question here is whether this Court should proceed to consider the specific insistences made by the appellant in its brief here as to why the cross-bill does not state a cause of action upon which relief can be granted. If this Court should so proceed it would, in effect, be permitting the appellant to proceed by way of a pleading which Code Section 8784 has outlawed. Such a course is not authorized and is

otherwise inadvisable. However, it must likewise be noted that the appellees are equally at fault in getting into this Court this case in the situation it is in.

The decree of the Chancellor will be reversed. The cause will be remanded, and an order entered in the Chancery Court striking the demurrer with leave granted cross-defendant to further plead, including leave to file a demurrer consistent with Code Section 8784 stating its objections to the cross-bill or to answer the bill and for further appropriate proceedings. One-half the costs of this appeal will be adjudged against Greeneville Cabinet Company, and the remaining one-half against Clarence Hauff and wife.

## Erratum

This case appeared initially in 189 Tenn. page 625. Due to typographical errors on page 632 thereof, not detected until after the publication of Volume 189, the case is reproduced here in its entirety. Its publication here supersedes the original publication in Volume 189, by order of the Court.