## UNITED STATES *v.* EAGAN.

*(Circuit Court, E. D. Missouri, E. D.   March 28, 1887.)*

1. VOTERS—FRAUDULENT REGISTRATION—INDICTMENT.
      Placing a number of fictitious names on the registration list at the same time and place constitutes but one offense.

2. SAME—UNCERTAINTY—REPUGNANCE.
      An indictment charging that the defendant "entered and registered seven names as names of persons who had then and there applied to him * * * to be registered," etc., "when, in truth and in fact, no persons represented by said names had applied to him, or taken the oath," etc., is neither uncertain nor repugnant.

On Special Demurrer.   Indictment under Rev. St. U. S. § 5512, for fraudulent registration.

*Thomas P. Bashaw* and *D. P. Dyer,* for the United States.

*W. C. Marshall,* for defendant.

THAYER, J.   The demurrer in this case is special, and to the first count of the indictment, on the ground—*First,* that it states more than one offense in the same count; *second,* that the averments of the count are repugnant; and, *third,* that they are so vague and inconsistent that defendant is not advised of the precise charge he is called upon to meet, and cannot prepare for trial.   The count to which exceptions are taken, in substance charges the defendant (who was a deputy-recorder of voters in the tenth ward of the city of St. Louis) with having placed on the registration book in his custody seven names as names of persons who had appeared before him and taken the oath required of voters, and applied for registration, when, in truth and in fact, no such persons appeared or took oath, or applied to be registered.   In other words, the charge is that of placing fictitious names on the registration lists.

It is urged that, because the indictment in one count charges the entry on the lists of seven fictitious names, that it therefore states as many separate and independent offenses.   This would be true, no doubt, if the seven names were placed on the lists on different *occasions;* that is, on different days.   But inasmuch as the indictment shows that the names were so entered at the same time and place, to-wit, on September 1, 1886, we are of the opinion that it constitutes but one offense, and is properly charged as such.   The unity of the offense is not broken by the number of alleged fictitious names so placed on the lists, whether it be one or seven, so long as the act is single; that is, done at the same time and place.   The other points of the demurrer are even less tenable.   The charge contained in the count is plainly that defendant "entered and registered seven names as names of persons * * * who had then and there applied to him * * * to be registered," etc., when, "in truth and in fact, no persons represented by said names had applied to him, or had taken the oath," etc.

We see nothing repugnant in the count, and we may further add that there is no uncertainty in the charge which need put the defendant to disadvantage in making his defense. The demurrer is accordingly overruled.