STATE OF TENNESSEE *v.* T. A. YOUNG.

(*Nashville,* December Term, 1929.)

Opinion filed May 24, 1930.

NAT TIPTON, Assistant Attorney-General, and W. S. FAULKNER, for plaintiff in error.

R. L. FORRESTER, W. B. WILLIAMS and ROBERTS & ROBERTS, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The judgments in these eight cases were affirmed from the bench on a former day of the term. It appeared that the State had appealed from a judgment sustaining demurrers to the indictments, all alike in form and substance, except as to the amounts stated, charging that the defendant did receive and permit the reception of deposits in various amounts in a bank, (1) having good reason to believe the bank was in a failing condition, or, (2) by second counts, that it was insolvent. The demurrers challenged the indictments on several grounds, in substance, (1) that the nature or character of the deposits was not set out, that is, whether in money, checks,

drafts, etc.; (2) that no charge was made of actual failing condition or insolvency of the bank; (3) that they charged that the defendant did "permit the reception of" the deposits, which the Act of 1913 did not make a felony; and (4) that the deposit was not sufficiently.described, neither the person making it nor the owner being named.

On the hearing this Court was of opinion that the indictments were fatally defective for insufficiency of description or identification of the deposits, neither the name of the depositor, nor that of the owner being set out, and no other description of the deposits being given, except the amounts in dollars and cents. This being apparent, we affirmed the judgment below, without considering or passing on other points of objection.

A petition for rehearing, filed by special counsel for the prosecution, assumes incorrectly that the Court (1) acted on the concession of the Attorney-General frankly made on the question decided, rather than on its own judgment, and (2) urges that the other objection made by the demurrers should be ruled on for future guidance, and (3) argues that the indictments were sufficient in form and substance.

■ While the Court affirmed the judgments from the bench, this was done after all necessary consideration of the simple issue involved. The indictments are fatally defective in failing to so describe and identify the deposits as to give proper notice to the defendant of the specific offenses, and to insure his right to plead successfully against subsequent prosecutions for the same offenses. We concur in the reasoning of the learned Assistant Attorney-General.

■ While unnecessary to the determination of the cases, and therefore not strictly called for on the records,

in deference to the urge of Special Counsel, the Court has now considered the objections, (1) that the indictments do not charge failing condition or insolvency, in fact, and (2) that the words "and permit" are incorporated after the words "did receive," and hold these objections not well taken. The Act of 1913, Section 34, Chapter 20, makes the bank officer liable who shall receive any deposit for a bank knowing *or* having good reason to believe at the time that the bank is insolvent. An express charge of knowledge of the officer, or of the actual condition of the bank, is not required by the statute; it is sufficient that he be charged as herein with having good reason to believe the bank insolvent or in a failing condition.

■ And while the 1927 amendment of the Act of 1913 inserts the words, "or assets to" following the words "who shall receive," we think it obvious (1) that the word "assets" is merely a misprint by typographical error for the word "assents;" *(4)* and (2) that the word "permit" as employed in the indictments is the practical equivalent of "assents to" as expressed in the Act as amended.

■ We are also of opinion that an enumeration in the indictment of the items of the deposit by description of their form, that is, whether in currency, checks, drafts, etc., is not essential, if the name of the depositor and amount of the money value of the deposit be given, thus providing reasonably sufficient identification of the transaction.

The petition is dismissed.