# Fox et al. *v.* State.

*(Nashville,* December Term, 1936.)

Opinion filed March 1, 1937.

Hobart F. Atkins, N. Fred McMillan, and Hugh C. Simpson, all of Knoxville, for plaintiffs in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Cook delivered the opinion of the Court.

Plaintiffs in error, referred to as defendants, were charged in the indictment with violating the election laws in a primary election held to nominate candidates for municipal office in the city of Knoxville. The defendant Fox was the executive officer, commonly called receiver, at the election, and his codefendants, Atchley and Simpson, were judges. They were officers of the primary elec-

tion at a precinct in the twenty-sixth ward in the city of Knoxville.

The jury convicted defendants upon the first, fourteenth, fifteenth, and sixteenth counts of the indictment. Appeal was prayed and errors have been assigned through which it is insisted (1) that the trial judge erred in refusing to quash the indictment, because vague, and not in the words of the statute; (2) for errors in the charge, and because the charge was confusing to the jury; (3) for error in the admission and exclusion of evidence; (4) because the evidence preponderates against the verdict.

The specific charge was that defendants unlawfully and knowingly let Fred Atchley vote without having paid a poll tax and that they let Helen Lewllyn, Bettie Lewllyn, and Clifford Allen vote without having registered as required by law. The indictment contained sixteen counts. Pertinent parts are only referred to or quoted as follows:

It was charged that ''on the ninth day of November, 1935, . . . there was held a municipal primary election for the City of Knoxville at which there was nominated officials for said city. One of the voting precincts was the Twenty-sixth Ward in South Knoxville. The defendant W. E. Fox was the duly qualified and sworn officer of said election at said precinct. The defendants P. C. Atchley and J. L. Simpson were two of the duly elected and sworn judges of the election at said voting precinct, and these three defendants held the election . . . the third judge being a lady without experience in politics who trusted said defendants to legally and honestly hold said election. On the said date defendant W. E. Fox, aided and abetted by defendants P. C.

Atchley and J. L. Simpson, permitted Fred Atchley . . . to cast his vote . . . knowing at the time that said Fred Atchley . . . was required to have a poll tax paid to enable him to vote, but was disqualified by reason of his failure to have his poll tax receipt, his name not appearing on the certified list then in possession of defendants, the action of defendants being unlawful and knowingly contrary to statute and against the peace and dignity of the State."

Such are the statements and charges in the first count.

By the fourteenth count it was charged, "And the grand jurors aforesaid upon their oath aforesaid do further present the defendants at the time and place, on the date and in the election aforesaid did unlawfully and knowingly aid and assist some person to the grand jurors unknown but who gave her name as Bettie Lewllyn, who claimed to be living in said precinct, who was neither registered nor had paid a poll tax, she being required by law to be registered and to have a poll tax, and being thus disqualified to vote in said election and did permit said person to cast her ballot in said election, so the grand jurors say that the defendants in permitting said person to vote acted unlawfully and knowingly contrary to statute," etc.

By the same words it was charged in the fifteenth and sixteenth counts that Helen Lewllyn and Clifford Allen, who were not registered voters and had not paid the poll tax, were allowed to vote contrary to statute. ██ ██ The indictment states the facts constituting the offense in such manner as to enable the defendants to understand the charge, and to make defense, and also to enable the court upon conviction to pronounce judgment. That is sufficient. See Code, section 11624. There

was no error in the action of the court overruling defendants' motion to quash. Nor was there misjoinder of defendants. The offense charged involves the same transaction, that of violating the election laws and involves the same intent.

After the evidence was introduced upon the issues joined, the trial judge dismissed all counts of the indictment other than the first, fourteenth, fifteenth, and sixteenth, because not sustained by any evidence. The others were submitted to the jury and upon them the jury found defendants guilty.

■ The judgment entered upon the verdict was that defendants pay a fine of $50 each upon the first, fourteenth, fifteenth, and sixteenth counts and that each be imprisoned for thirty days. The judgment is ambiguous; it is open to the construction that each defendant shall pay a $50 fine upon each of the four counts. To avoid that construction of the judgment, we direct a modification to conform with the ruling in *Patmore* v. *State,* 152 Tenn., 281, 277 S. W., 892. In that case it was said upon conviction for the same offense or for different offenses involving the same intent, only one fine can be imposed. The judgment will be accordingly modified so as to impose one fine of $50 against each defendant.

■ The Attorney General states, and is supported by the record, that the evidence preponderates against the conviction of defendants for letting Fred Atchley vote without payment of poll tax. When Fred Atchley tendered his ballot, Mrs. Webster, the third election judge, stated to defendant Fox, officer of the election, and the other judges that Atchley's name appeared on the certified list of those who had paid the poll tax. This

is the only incident upon which defendant Fox could have been convicted.

Mrs. Webster's associate judges, as well as Officer Fox, accepted her statement that the certified list disclosed that Fred Atchley had paid the poll tax and upon that it seems clear that no willful and fraudulent conduct could be attributed to either Fox or the two other judges.

Section 2005 makes registration of voters a prerequisite to voting. Section 2006 forbids votes by those who have not registered. Section 2007 provides that persons who registered and after doing so changed their residence by removing to another either within or without the ward or district where they registered become disqualified to vote without reregistering. By section 2198 the requirement of registration as a prerequisite to voting is extended to primary elections and sections 11330 and 11331 of the Code make any violation of election laws applicable to municipal corporations.

Sections 2024 and 2025 are designed to prevent repeating by voters. By these sections the original or a copy of the registration books are made available to the judges of election. And by section 2177 it is declared a misdemeanor for any election officer to fail in the performance of any duty required of him, and it is declared in section 11326 that any judge, clerk, or executive officer who willfully or fraudulently violates any provisions made for the protection of primary or general elections is guilty of a misdemeanor. Punishment under section 11326 must be related to section 10756, for the reason that section 2022 under article 9 of the Code prescribes the punishment for illegal and fraudulent registration and for attempts to vote upon fraudulent certificates of elec-

tions, and section 2070 refers to violations to the provisions of article 11 of the Code.

The statutes referred to make available to the election officers the original or a certified copy of books upon which names of voters are registered. Upon that the judges may determine whether the voter has complied with the election registration laws, and a certified copy from the trustee's office discloses those who paid the poll tax. Beyond that the judges may examine persons who present themselves to vote and make other inquiry to determine their qualification as voters in the particular election. Moreover, a certificate of registration is given the voter by the registrar and it may be demanded to identify the voter and determine his voting residence.

The defendants who were judges of the election in the Twenty-sixth ward did not avail themselves of these records, nor exercise their powers of examination to determine whether the Lewllyns and Clifford Allen were registered voters at that precinct. Notwithstanding these or some of these voters had in their possession registration certificates, the officers did not examine the certificates. Allen and the Lewllyns had registered in the third ward from which they moved before the election to the twenty-sixth ward. They did not register after removal as was necessary under Code, section 2007, so as to entitle them to vote in the twenty-sixth ward. Notwithstanding they were allowed to vote contrary to the statute, section 2198, and other provisions of the Code which extended the election laws to primary elections whether county or municipal. The act of the judges in doing so is declared a misdemeanor by sections 2177 and 11326 of the Code.

The evidence supports the conclusion that the

defendants Atchley and Simpson, election judges with authority to pass upon and determine the qualification of voters at their precinct, violated the statute by holding Clifford Allen, Helen Lewllyn, and Bettie Lewllyn, who were nonregistered voters, to be qualified and by accepting their ballots. Even though we attribute the action of the election judges to negligence, it was such reckless disregard of their official duty as to make their action equivalent to willful and fraudulent conduct. Otherwise no election judge could be held culpable for flagrant violation of the statutes, especially in the action of election judges passing upon the qualification of voters.

Defendant Fox, as officer of the election, had no authority to pass upon and determine the qualification of a voter, and there is no evidence that he took any part in doing so except in connection with acceptance of the vote of Fred Atchley, who it appears was a registered voter. The controversy as to Fred Atchley arose over whether or not he voted upon a fraudulent tax receipt. As heretofore stated, the preponderance of the evidence is against the verdict of guilty upon the first count involving Atchley's vote.

It was contended in oral argument and by way of supplemental brief that the qualification of voters cannot be circumscribed by the act of the Legislature requiring that they register. It was ruled to the contrary in *Trammell* v. *Griffin,* 141 Tenn., 139, 207 S. W., 726; *State* v. *Weaver,* 122 Tenn., 198, 122 S. W., 465; *Moore* v. *Sharp,* 98 Tenn., 491, 41 S. W., 587.

All the assignments of error have been considered and are overruled, except as to defendant Fox, because without merit.

The conviction of Election Officer Fox is reversed because the evidence preponderates against the verdict as to him. The conviction of Atchley and Simpson, as modified, is affirmed and the cause remanded.