STATE *v.* WILLIAMS.

*(Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

NAT TIPTON, Assistant Attorney-General, for the State.

T. W. PEACE, of Madisonville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From the action of the court below in quashing an indictment, the State has appealed.

The indictment charged that defendant "unlawfully

did drive an automobile on the public highway or road while he, the said John Williams aforesaid, was under the influence of an intoxicant."

The motion to quash was based on the proposition that the charge was too vague in that it did not designate or name the public road on which it was alleged the offense was committed.

We do not think it necessary that the name of the particular public road on which the offense was committed should have been designated. Under section 1 of chapter 10 of the Public Acts of 1931 it is made unlawful for any person, while under the influence of an intoxicant, to drive any automobile "on any of the public roads and highways of the State, or on any of the streets or alleys of any city or town of the State."

The identity of the particular road on which the offense was committed is immaterial, and it is not therefore essential to the validity of the indictment that any road be identified. This conclusion is fully supported by previous decisions of this court.

In *State* v. *Sneed*, 84 Tenn. (16 Lea), 450, 1 S. W., 282, the defendant was indicted for maintaining a common nuisance near "divers public streets . . . and divers dwelling-houses." Against an attack similar to the one here made, that indictment was held good. The court said:

"But in criminal cases it is ordinarily sufficient to allege that the offense was committed in the county where the indictment is found, with such averments as are necessary to constitute the offense charged. Thus, profanity must, to be indictable, be in a public place, and so charged, but the particular locality need not be charged; and so of most other offenses. It does not ap-

pear why, in this case, it is necessary that the particular locality of the nuisance should be averred." *State* v. *Sneed, supra.*

In *State* v. *Kelly,* 138 Tenn., 84, 195 S. W., 1126, it was insisted that a presentment for public drunkenness was defective because it did not state the particular place in which the offense was committed, but this contention was overruled.

In *Jordan* v. *State,* 156 Tenn., 509, 3 S. W. (2d), 159, it was urged that an indictment for the felonious transportation of intoxicating liquor was bad because it did not set out the points between which the intoxicating liquor was transported. The court went into the matter fully then and reviewed the authorities and the indictment was sustained.

So, upon the authorities cited and for the reasons therein elaborated, we conclude that the court below erred in quashing this indictment, and the judgment is reversed and the case remanded for further proceedings.