STATE *v.* LATIMER *et al.*

(*Jackson*, April Term, 1944.)

Opinion filed May 6, 1944.

Nat Tipton, Assistant Attorney-General, for the State.

Miles & Miles, of Union City, for defendants in error.

Mr. Justice Neil delivered the opinion of the Court.

This case is on appeal by the State from the Criminal Court of Obion County from a judgment sustaining the defendants' motion to quash an indictment charging them with the violation of the election laws. The defendants have filed a motion to dismiss the appeal upon the following grounds: (1) "Because there is no law in Tennessee authorizing or permitting the State to appeal in this case." (2) "Because the record does not show that an appeal in the nature of a writ of error was granted by the lower court." (3) "The appeal, if any, was abandoned by the plaintiff in error by reason of its failure to file a brief or statement of error relied upon within thirty days after the filing of the transcript or record as required by Rule 17 of this Court." (4) "If the motion to quash is not well taken, then defendants in error move the Court to affirm the judgment . . . for the reason the record shows the motion to quash containing three grounds was sustained in its entirety and plaintiff in error excepted only to the action of the Court in sustain-

ing the first ground of the motion and took no exception to the Court's action in sustaining the second and third. grounds of the motion.''

■ The first ground of the motion to dismiss the appeal is not well taken. We think Section 11806 of the Code authorizes an appeal in cases such as the one now before us. An examination of our cases clearly indicates that the right of appeal by the State has been regarded. as entirely proper. The State's Attorney-General has cited the following cases in support of the uniform holding of the Court in this regard: *State* v. *Williams,* 172 Tenn., 105, 110 S. W. (2d), 318; *State* v. *Harris,* 168 Tenn., 159, 76 S. W. (2d), 324; *State* v. *Cornellison,* 166 Tenn., 106, 59 S. W. (2d), 514; *State* v. *Hall,* 164 Tenn., 548, 51 S. W. (2d), 851; *State* v. *Brewer,* 163 Tenn., 215, 42 S. W. (2d), 344; *State* v. *Legora,* 162 Tenn., 122, 34 S. W. (2d), 1056; and *State* v. *Young,* 160 Tenn., 567, 27 S. W. (2d), 1091. We think the right of appeal should be recognized and approved, since there is no authority or statute found to the contrary.

Responding to the second ground of the motion, we think the record fairly shows that there was an appeal prayed and granted, although not in direct and express language. We here quote the following excerpt from the final judgment of the court below:

''To the action of the Court sustaining the first ground. of the said motions and quashing the presentment as aforesaid the State excepts . . . and prays an appeal therefrom to the next term of the Supreme Court to be holden at Jackson, Tennessee, on the first Monday in. April, 1944, and the Clerk is directed to make out a transcript of the record and forward same to the Supreme Court at Jackson.''

The foregoing judgment of the court is wholly inconsistent with the contention of defendants in error that the trial judge did not grant an appeal as prayed by the District Attorney-General. We find it unnecessary therefore to consider the State's motion that the record be filed for writ of error.

 Responding to the contention of the defendants in error, as found in Ground Number 3 of their motion to dismiss the appeal, to the effect that Rule 17 of the Court had not been complied with, which requires the filing of a brief or statement of error relied upon within thirty days after filing of the transcript of the record, we hold that it is without merit. This is not necessary in criminal cases under Section 11810 of the Code, which provides:

"[Section] 11810. Assignment of errors.—No assignment of error or joinder in error is necessary in criminal cases taken to the supreme court, but the court shall render such judgment on the record as the law demands."

For the same reason it is unnecessary to consider Ground Number 4 of the motion to dismiss the appeal.

The vital question raised on this appeal is presented in the State's assignment of error that the trial judge erred in sustaining the defendants' motion to quash the presentment. The insistence of the defendants is that the presentment is bad for duplicity in that it contains only one count and charges thirty-two separate misdemeanors. It is the State's contention that it charges but one offense. The presentment charges:

". . . The grand jurors of the State elected . . . upon their oath present that Ewing Latimer, W. L. Baulch, and Robert Turner, judges of the Democratic Primary Election for the East Side Precinct of the Thirteenth Civil District of Obion County, Tennessee, in

which district registration of voters is required as a qualification to vote, held on August 6, 1942, in which candidates for various offices were nominated, including Governor of the State, United States Senator, Representatives in Congress, Utilities Commissioner, and Members of the State General Assembly, late of said county, heretofore, towit, on the 6th day of August, A. D. 1942, in the County of Obion aforesaid, then and there unlawfully, wilfully, and fraudulently did permit and allow Mrs. Guy Jones (and thirty-two other persons whose names are copied in the indictment) to vote in said election at said precinct and did accept their ballots when they and each of said persons so allowed to vote were not registered as voters of said district and whose names did not appear upon the registration books which were at hand, and they, the said Ewing Latimer, W. L. Baulch, and Robert Turner, accepted the ballots of said persons aforesaid without determining and without attempting to determine whether or not said persons were registered as required by law when the evidence for such determination was at hand.''

The motion of defendants in error to quash is as follows:

(1) ''Because said indictment is duplicitous in that it charges more than one and several distinct offenses in a single count of said indictment or presentment.''

(2) ''Because said presentment or indictment does not allege or charge that he was a duly appointed, qualified and sworn officer of said election at said East Side Precinct of the 13th Civil District of Obion County.''

(3) ''Because said indictment is vague, indefinite and not in the language of the statute.''

 It must be conceded at the outset that the statute makes it unlawful for judges of election to ''wilfully and

fraudulently'' accept the ballots of electors who are not legally qualified to vote by reason of the fact that they failed to register as required by law. In the case now before us, the presentment clearly charges these defendants with a statutory offense. Moreover, we think it embraces but one offense, that of wilfully and fraudulently accepting the ballots of certain named persons with the knowledge that they were not qualified voters. There is involved but one common purpose and intent, the violation of the election laws of the state. The mere fact that the presentment contains the names of several unqualified voters does not thereby render it "duplicitous." The offense is alleged to have been committed on a certain date, at a certain place, and in a particular election. It charges a wrong against the public and not against an individual citizen. Regardless of the number of persons who were thus permitted to vote unlawfully, there could be a conviction and punishment for only one offense. Had the district attorney general elected to draw a presentment containing as many counts therein as there were persons alleged to have voted illegally, it cannot be doubted that there could have been a conviction of but one offense. *Fox et al.* v. *State*, 171 Tenn., 226, 101 S. W. (2d), 1110. Able counsel for defendants have earnestly argued at the bar of this Court that the persons named in the presentment were permitted to vote at different times, that "thirty-four persons cannot cast their ballots simultaneously" and hence there are as many separate and distinct wrongs. We frankly concede that the rule against multifariousness in pleading applies to indictments and presentments, but the argument of counsel is unsound. The fact that a great many persons were permitted to vote illegally indicates that it was designedly

done; whereas, if only one person was involved, it could be reasonably argued that it was an oversight by the judges and not a wilful and premeditated act. The cases cited by counsel where several separate and distinct thefts were committed at different times are in no way analogous to the case now before us. In *State* v. *Irvine*, 50 Tenn., 155, it was held, following the case of *State* v. *Jopling*, 29 Tenn., 418, 419, "that in misdemeanors, when two offenses of the same character are created by the same statute, and are punishable in the same manner, that they may be joined in the same count of an indictment or presentment."

Turning now to cases from several foreign jurisdictions, particularly from Iowa, Maryland, Wisconsin, and one reported in 30 F., 498, we find support for the view herein expressed. *In Byrne* v. *State*, 12 Wis., 519, 525, it was held:

"The objection of duplicity is untenable. The rule is well settled that, where a statute makes either of two or more distinct acts, connected with the same general offense and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons or at different times, they may, when committed by the same person at the same time, be coupled in one count, as constituting altogether but one offense. In such cases the several acts are considered as so many steps or stages in the same affair, and the offender may be indicted as for one combined act in violation of law; and proof of either of the acts mentioned in the statute and set forth in the indictment will sustain a conviction."

See also *Mincher* v. *State*, 66 Md., 227, 7 A. 451, and *Zumhoff* v. *State*, 4 G. Greene, Iowa, 526.

In the case of *United States* v. *Eagan* (C. C.), 30 F., 498, it appears that Eagan was indicted for having placed upon the registration books seven names of fraudulent voters as having applied for registration when in fact no such persons did so apply, and it was urged against the indictment that it constituted seven separate and independent offenses. The Court in passing upon this question used the following language:

"It is urged that, because the indictment in one count charges the entry on the lists of seven fictitious names, that it therefore states as many separate and independent offenses. This would be true, no doubt, if the seven names were placed on the lists on different occasions; that is, on different days. But inasmuch as the indictment shows that the names were so entered at the same time and place, to-wit, on September 1, 1886, we are of the opinion that it constitutes but one offense, and is properly charged as such. The unity of the offense is not broken by the number of alleged fictitious names so placed on the lists, whether it be one or seven, so long as the act is single; that is, done at the same time and place."

The further objection made to the presentment, that it failed to aver that the defendants were duly sworn as judges in the election, is not well taken. It is clearly charged that they were acting in an official capacity, at a certain time, in a primary election in the Thirteenth Precinct of Obion County. We think there is a fair and reasonable implication that they were sworn according to law. In *State* v. *Randles and Fox*, 26 Tenn., 9, the defendants, who were indicted for alleged violation of the election laws, contended that the indictment "ought to have been charged that they were made, or became judges of said election." Mr. Justice TURLEY, speaking for the

Court in response to this contention, said: "The charge that they were the judges, contains a necessary implication that they had been appointed to that office, and taken upon themselves the discharge of its duties." We' are satisfied that the presentment is properly drawn and that the trial judge was in error in sustaining the motion to quash.

The judgment is reversed and the case remanded.