**TINERELLA et al. v. DES MOINES TRANSP. CO., Inc.**

No. 3177.

District Court, N. D. Illinois, E. D.

Oct. 13, 1941.

David Alswang, of Chicago, Ill., for plaintiff.

Dilley & Bannister, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiffs bring their action under the Fair Labor Standards Act of 1938, 29 U. S.C.A. § 201 et seq., for monies alleged to be due them under the provisions of Section 6 of the Act which provides minimum rates of pay and Section 7 which requires payment on the basis of time and one-half for overtime.

As to the claim for wages due under the provisions for minimum wages it appears from the complaint that during the period in question, to-wit, from October, 1938, to June, 1940 the plaintiffs (except one as to whom no complaint is made in this respect) were each receiving pay in excess of the rates of pay prescribed by Section 6. The allegation of the complaint concerning wages is that during said period defendant has failed and refused to compensate said plaintiffs for all such time of employment at the rate of fifty cent (sic) an hour and from November 1, 1939 at the rate of fifty-two and one-half cents (.52½) an hour, which rates were the regular rate set by employer and the wage supposed to be paid by him for the total working time the plaintiffs were so employed. The failure and refusal of defendant to pay said plaintiffs for total time the plaintiffs were so employed was a reduction of the wage to be paid by him and a violation of Section 18 and Section 6 of the Act."

This allegation is rather confused, but from the brief filed by counsel for defendant it appears that the contention is that the employer had been paying wages at the rate set forth and, during the period of employment above mentioned, reduced the wages though still leaving them above the minimum fixed by the Act. It is provided in Section 18 of the Act: "No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter." I do not understand that the effect of this provision is to stabilize the wages paid by employers at the time the Act became effective or prevent the employer from reducing the wages then being paid, provided he keeps within the limits prescribed by the Act. In my opinion, as the wages paid by the employer after the reduction were more than the amount prescribed by the Fair Labor Standards Act, plaintiff is not entitled to recover for the alleged violation of this section.

A second claim of plaintiffs is that they were employed overtime and were not paid at the rate of time and one-half as required by the Act. It appears from the complaint that the defendant is a corporation engaged in the transporting, shipping and carrying merchandise, freight and commodities in interstate commerce by motor vehicle. Section 13 of the Fair Labor Standards Act provides that the provisions of Section 7 (concerning overtime) shall not apply with respect to any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49 U.S.C.A.

Title 49 is concerned with transportation. Section 304 forms a part of what is known as the Motor Carrier Act of 1935 and provides that the Interstate Commerce Commission shall have power to regulate common carriers by motor vehicle "and to that end the Commission may establish reasonable requirements with respect to * * * qualifications and maximum hours of service of employees, and safety of operation and equipment."

It has been determined by the Supreme Court, United States v. American Trucking Associations, Inc., et al., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, that the statute authorizes the Interstate Commerce Commission to establish maximum hours of service for those employees only whose duties affect safety of operation. Plaintiffs' employment (except that of one plaintiff, Ray Chase) consisted of loading and unloading the defendant's truck of cargo merchandise, freight and commodities. Since the decision of the Supreme Court in American Trucking Associations, Inc., the Interstate Commerce Commission, after a hearing participated in by the employers, labor unions and associations, entered a formal order finding that loaders and helpers perform duties which materially affect the safety of operation of motor vehicles in interstate commerce, devote a substantial part of their time to activities which directly affect the safety of operation of motor vehicles operated in interstate commerce and that the Commission has power to establish qualifications and maximum hours of service of such employees.

The order appears to have been entered after a full hearing and to be supported by substantial evidence and may not be reviewed by this court.

The allegation of the complaint concerning the employment of Ray Chase

800

is that his duties consisted of checking, inspecting, servicing, repairing and generally maintaining defendant's trucks while the same were engaged in interstate commerce. Clearly he was an employee whose duties affected safety of operation.

In my opinion plaintiffs herein do not come under the Fair Labor Standards Act so far as their hours of labor are concerned.

The motion to dismiss the complaint must be sustained.