DAVID FEINMAN, Plaintiff, *v.* PHILIP FLEISCHER, INC., Defendant.

Supreme Court, Special Term, New York County, June 27, 1944.

*Elias M. Felig* for plaintiff.

*Benjamin C. Ribman* for defendant.

SCHREIBER, J. This is a motion to strike out the first, second and third defenses in the answer for alleged insufficiency. The first defense is addressed only to the first cause of action. Although the facts therein alleged may be sufficient

to establish that plaintiff was not engaged in interstate commerce, they are sufficient to show, at least prima facie, that plaintiff was engaged in the production of goods for commerce and therefore within the protection of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). That statute [Act, § 3, subd. (j); U. S. Code, tit. 29, § 203, subd. (j)] expressly provides that an employee shall be deemed to have been engaged in the production of goods for commerce if he " was employed in * * * handling, transporting, or in any other manner working on such goods, * * * in any State." (*Stoike* v. *First National Bank,* 290 N. Y. 195, 201.) In the cited case the Court of Appeals considered only the question of whether the plaintiff was engaged in interstate commerce and expressly refrained from determining whether the plaintiff's activities constituted the production of goods for commerce because " plaintiff does not claim we are dealing with a problem involving ' the production of goods for commerce ' " (p. 204). According to the allegations of the first defense, plaintiff was employed by defendant as a chauffeur transporting defendant's products. If, as the first cause of action alleges, the plaintiff was engaged in the transportation of products manufactured by the defendant for interstate commerce, from defendant's place of business to points within the State of New York, as part of the process by which such products were shipped to other States, the mere fact that plaintiff did not cross any State lines would not mean that plaintiff was not engaged in the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act. The motion is granted insofar as it seeks to strike out the first defense to the first cause of action.

The second defense is also addressed only to the first cause of action. The plaintiff is not entitled to the benefits of the Fair Labor Standards Act if he is exempted therefrom by virtue of subdivision (b) of section 13 thereof, which exempts any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to section 204 of the Motor Carrier Act, 1935 [now part II of the Interstate Commerce Act] (U. S. Code, tit. 49, § 304). The Interstate Commerce Commission has power to establish qualifications and maximum hours of service for employees of private carriers, if need therefor is found in order to promote safety of operation. It is unnecessary that the Interstate Commerce Commission shall have actually found such need and· exercised its power of regulation in order for the exemption to be applicable. (*Southland Co.*

v. *Bayley*, 319 U. S. 44.) An employee of a private carrier whose activities are of a nature which involves safety of operation may be subject to regulation by the Interstate Commerce Commission even though his work is performed solely within a single State, provided that his work forms an integral part of a continuous process of interstate commerce. (See *Dallum* v. *Farmers' Co-operative Trucking Ass'n*, 46 F. Supp. 785; *Tinerella* v. *Des Moines Transp. Co.*, 41 F. Supp. 798; *Walling* v. *Silver Bros. Co.*, 136 F. 2d 168; see, also, *Walling* v. *Jacksonville Paper Co.*, 317 U. S. 564.) In the *Walling* v. *Silver Bros. Co.* case (*supra*) the Circuit Court of Appeals for the First Circuit said (p. 171): "Appellant contends that truck drivers and helpers who picked up empty beer containers and returned them to the warehouse, thereafter to be shipped back to the breweries, located outside the state, and those employees who loaded the empty containers upon interstate trucks, were engaged in interstate commerce and fell within the Act. The district court by its finding that these employees were not in interstate commerce must have concluded that this activity was not a substantial portion of their employment. *If we assume, however, that this activity consumed a substantial portion of their time we would be constrained under the authority of the Bayley case to hold that these employees, while engaged in interstate commerce, did not come under the authority of the Wage and Hour Administrator.*" (Italics supplied.)

The second defense alleges that the plaintiff as chauffeur picked up meats and meat products which came into the State of New York from without the State in order to complete delivery thereof by carrying the same to defendant's place of business, and that plaintiff as chauffeur of one of defendant's motor vehicles thereafter transported the processed meat products to shipping points within the State of New York for transportation to the respective consignees outside of the State. These allegations sufficiently establish that plaintiff was an employee of a private carrier subject to regulation by the Interstate Commerce Commission. The case of *Rahgo* v. *Cities Service Oil Co.* (177 Misc. 1059, affd. 182 Misc. 623) is clearly distinguishable since there the plaintiff as an employee of a private carrier merely made intrastate deliveries from the storage plant within the State to customers within the State and his work was not part of the process by which shipments from without the State came into the State. The court expressly pointed out that (p. 1061) "the activities of the plaintiff in operating this tank truck

cannot be construed as part of a continuous haul operation, transporting goods from without the State partially by barge or truck and partially by the truck operated by the plaintiff himself to a definite and known class of consignees." The court emphasized that (p. 1061) : " This plaintiff as the employee of a private carrier, under the conceded facts, does not move through any other State nor across any State line unless it can be said that the haulage of the petroleum and its by-products from New Jersey and Pennsylvania by truck and by barge constitute part of the commerce in which this plaintiff is engaged. It seems clear that the bulk plant operated by the defendant in Mount Vernon is a storage plant and is exactly similar to a warehouse."

To the extent that plaintiff seeks to strike out the second defense as insufficient, the motion is denied. The third defense, which is addressed only to the second cause of action, is insufficient. Its allegations consist of bare conclusions without ultimate facts to support them. The motion is accordingly denied as to the second defense and otherwise granted, with leave to defendant to serve an amended answer within ten days from the service of a copy of this order with notice of entry.