GEORGE HALL *et al. v.* THE STATE.*

*(Nashville.   December Term, 1924.)*

1. **STATUTES.** Statute pertaining to manufacture of whisky held not void as embodying two subjects, in violation of Constitution.

Acts 1923, chapter 14, *held* not void as creating two distinct offenses, one of manufacturing and another of attempting to manufacture whisky, and as embodying two subjects contrary to Constitution, article 2, section 17; section 2 of the act relating to and defining particular offense denounced by section 1 of the act.   (*Post, p.* 418.)

Acts cited and construed: Acts 1923, ch. 14.

Case cited and approved: Frix v. State, 148 Tenn., 478.

2. **CRIMINAL LAW.** Power to define offense committed to discretion of legislature subject to constitutional limitations.

Power to define criminal offense is committed to discretion of legislature, subject to constitutional limitation beyond which courts do not let legislature pass.   (*Post, pp.* 418, 419.)

3. **INTOXICATING LIQUORS.** Requisite acts to constitute offense of manufacturing or attempting to manufacture whisky or brandy, stated.

To constitute offense of manufacturing or attempting to manufacture whisky or brandy under Acts 1923, chapter 14, section 2, acts of preparation must be attended by facts and circumstances which establish the overt act, and which in the ordinary, usual, and natural course of things accomplish the offense.   (*Post, pp.* 418, 419.)

4. **INTOXICATING LIQUORS.** Offense of manufacturing whisky held to require combination of circumstances justifying conclusion of actual making of whisky by accused.

The offense of manufacturing whisky within Acts 1923, chapter 14, section 2, requires a combination of circumstances justifying a conclusion that accused was actually making whisky. (*Post, pp.* 418, 419.)

Hall v. The State. ·

5. **CONSTITUTICNAL LAW. Intoxicating liquors. Jury. Statute not void as impairing and depriving accused persons of constitutional rights.**

Acts 1923, chapter 14, declaring that certain acts shall be deemed a commission of offense of manufacture of whisky, does not impair the right of trial by jury, or deprive those accused of their liberty, and subject them to fines contrary to rights assured by Constitution article 1, sections 6, 8. (*Post, pp.* 418, 419.)

Constitution cited and construed: Art. 1, secs. 6, 8.

6. **INTOXICATING LIQUORS. Whether defendants went to still to remove it or to manufacture whisky held for jury.**

In a prosecution based on Acts 1923, chapter 14, whether defendants went to still to remove it or to manufacture whisky *held* for jury. (*Post, pp.* 419, 420.)

7. **INTOXICATING LIQUORS. Evidence held to sustain verdict of guilty of manufacturing whisky.**

Evidence *held* to sustain verdict of guilty of manufacturing whisky. (*Post, pp.* 419, 420.) ?

*Headnotes 1. Statutes, 36 Cyc., p. 1025; 2. Criminal Law, 16 C. J., Section 14; 3. Intoxicating Liquor, 33 C. J., Section 195; 4. Intoxicating Liquor, 33 C. J., Section 195; 5. Constitutional Law, 12 C. J., Section 445; Intoxicating Liquor, 33 C. J., Section 38 (1926 Anno); Juries, 35 C. J., Section 170; 6. Intoxicating Liquor, 33 C. J., Section 546; 7. Intoxicating Liquor, 33 C. J., Section 502.

FROM RUTHERFORD.

Error to the Circuit Court of Rutherford County.— Hon. JOHN E. RICHARDSON, Judge.

J. D. RICHARDSON, for plaintiffs in error.

W. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Cook delivered the opinion of the Court.

Plaintiffs in error were convicted of manufacturing whisky in violation of chapter 14, Acts of 1923, each fined $350, and committed to the workhouse five months.

Through assignments of error, it is urged on behalf of the accused that the verdict is not supported by the evidence, and that chapter 14, Acts of 1923, violates the Constitution and is void. First, it is said that the act creates two distinct offenses—one for manufacturing and another for attempting to manufacture whisky—and embodies two subjects contrary to article 2, section 17, of the Constitution. Chapter 14, Acts of 1923, was sustained in *Frix* v. *State,* 148 Tenn., 478, 256 S. W., 449, against this criticism; the conclusion of the court being that section 2 relates to and defines the particular offense denounced by section 1 of the act.

Second, it is insisted that by declaring the act of preparation a fact conclusive of guilt, the legislature impaired the right of trial by jury, and deprived those accused of their liberty and subjected them to fines contrary to the law of the land, rights assured by article 1, sections 6 and 8, of the Constitution.

The power to define what shall constitute a criminal offense is committed to the discretion of the legislature, subject to constitutional limitation and safeguards, beyond which the courts do not let the legislature pass.

"The legislature in creating an offense may define it by a particular description of the act constituting it, or it may define it as any act which produces, or is rea-

sonably calculated to produce a certain defined or described result; or it may group together various means by which the end may be accomplished and make any one of such means an offense when done to attain the object denounced by the statute." 16 C. J., 67.

To constitute the offense of manufacturing whisky and brandy under the definition given in section 2 of the statute in question, acts of preparation required to constitute the offense must be attended by proof of facts and circumstances which establish the overt act, and which in the ordinary, usual, and natural course of things accomplish the offense. This would be necessary to constitute the attempt to manufacture.

The hypothetical case presented in the brief of counsel would hardly pass the judgment of a court. It could not be said that the buying of a knife to kill a man would constitute murder, nor that the buying of kerosene to burn a house would constitute arson, nor that the buying of sugar to make whisky would constitute manufacturing. To constitute the offense of "manufacturing," within the definition of chapter 14, Acts of 1923, such a combination of circumstances must be presented as justifies a conclusion that the accused was actually making whisky.

Plaintiffs in error were arrested at a still concealed in a thicket on the premises owned by the mother of the Smiths. Fire was under the boiler, five or six barrels of mash, three or four fruit jars of whisky were at the site, and there was every indication of recent operation. Tom Smith and Eugene Smith had mash on their clothes, and Paschal Travis, who was arrested along with the others, testified for the State that the Smiths, George

Hall, and Carl Robinson were operating the still, and that a little while before the officers appeared the cap blew off of the boiler and burned Carl Robinson, who the officers say escaped when they arrested the other parties.

Eugene Smith and Tom Smith say that they discovered on that day that the still was operated on their mother's premises, and went to the scene to cause its removal, and were arrested while there. Hall explains that he went there to see Gene Smith. All deny that they had any interest in the outfit or that they aided in its operation. They insist that their presence at the still site was without intent to aid in a violation of the law.

The jury heard the testimony of the officers descriptive of what they found when they arrested plaintiffs in error at the still, and they also heard the testimony of the Travis boy who was at the still before the officers approached. Upon the facts presented, it was a question for the jury to determine whose testimony they would believe. They rejected the theory of the defense, and it cannot be said that the evidence preponderates against the verdict; but, on the contrary, that it sustains the verdict of the jury.

Affirmed.