**Floyd SESSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 24, 1978.

Certiorari Denied by Supreme Court
March 20, 1978.

Hughie Ragan, Jackson, for appellant.

Brooks McLemore, Jr., State Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, James G. Woodall, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of manufacturing or attempting to manufacture whiskey and sentenced to serve ninety (90) days in jail and to pay a fine of two hundred and fifty dollars ($250.00).

Some days prior to October 31, 1976, State and Federal Alcohol Commission Agents received information that a still was in operation in a wooded area of Madison

County. The agents went into the woods where the still was reported to be and found its location. The agents placed the area under surveillance and on October 31, 1976, they observed the Appellant come to the site on three occasions. On each of these visits, the Appellant was engaged in activity clearly indicating he was making whiskey. The Appellant was arrested at the still site. A still with all the necessary accoutrements was in existence, and the ingredients for making what is known as corn liquor were in the process of reaching that goal.

The Appellant says he was denied a speedy public trial with proper assistance of counsel, that the agents illegally searched when they entered the woodlands without a search warrant, the evidence preponderates against the verdict, the court's instruction to the jury on the provisions of T.C.A. § 39–2525 was erroneous, that the trial court erroneously instructed the jury on the applicable punishment, and the trial court erred during the voir dire of the jury by requiring him to proceed before the State in questioning two prospective jurors called to replace two whom he had excused.

The judgment of the trial court is affirmed.

The Appellant rests his claim of a denial of a speedy and public trial and lack of proper representation by counsel upon the proposition that there were inadequate seating facilities in the courtroom where he was tried. He contends that only nineteen (19) seats were in the courtroom which could be used for spectators, prospective jurors, or other persons. He reasons, therefore, that this lack of seats would discourage or prohibit members of the community, not involved as jurors, etc., from observing the trial which would result in a private rather than public trial. He further reasons that, because of the lack of seating, his attorneys were required to stand while awaiting their participation in his trial and they were fatigued to a point where he was not properly represented, and that prospective jurors were also required to stand and thus became fatigued.

We agree with the Appellant's contention that all courtrooms should be adequately appointed in order that people who are required to attend and conduct the business of the courts be able to do so with a reasonable degree of comfort. Certainly, the facilities should be sufficiently appropriate to avoid fatigue of the participants to a degree which would affect the quality of the judicial process. However, in this case, the claim by the Appellant is hypothetical rather than substantive.

There is nothing in the record to show that the jury was exhausted because of the lack of seats for spectators or prospective jurors. Likewise, there is nothing to show that counsel for the Appellant was so fatigued as to be unable to properly conduct the defense. There is nothing in the record to indicate that the public was seeking and being denied access to the courtroom to observe the trial.

We overrule this assignment of error but do not approve of an inadequately furnished courtroom which appeared to be the situation at the time of this trial.

The Appellant's complaint concerning the search of the woodlands wherein the still was found is based upon *State v. Wert*, 550 S.W.2d 1, decided by this Court on January 6, 1977.

In *Wert*, this Court held that an entry by officers upon a fifty (50) acre farm owned by the accused which was fenced, with the exception of some four hundred feet (400′), was an unlawful search. In *Wert*, this Court did not apply *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), from which arose the "open fields doctrine" which allows searches of open acreage or fields not within the manor house or curtilage.

The facts in this case are significantly different from the facts in *Wert*. In *Wert*, there was no dispute that the accused owned and was in possession of the property searched. Additionally, there was evidence that no trespassing signs were present in the area of the entry onto the

property which indicated an expectation of privacy by the owner or possessor of the property. In the case, *sub judice*, the trial judge conducted a jury out hearing on the motion to suppress the evidence obtained by the search. There is no evidence that the Appellant, although present on the property where he was arrested, was the owner of the property or in lawful possession thereof. The still was located in a wooded area two hundred (200) yards from a house apparently owned by his mother and with whom he lived. There is no evidence to show whether the wooded area was a part of the parcel of land on which the house stood or whether it was on property owned by some other person. Under these facts, the still could have been erected on property owned by an absentee owner or by an owner who never visited this area of his property. There was only speculation by the officers that "no trespassing" signs might have been posted on some other part of the property along the length of the road on which the property searched was located. The evidence indicates that none were present where the agents entered the property in question. In refusing to apply the "open fields doctrine" in *Wert*, this Court held that the expectation of privacy indicated by the accused brought the case within the expectation of privacy doctrine. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). *Wert* held that if an expectation of privacy is shown by the owner or possessor of the open fields then *Hester v. United States*, supra, did not apply. In this case, the absence of any showing of ownership or lawful possession by the Appellant and the absence of any showing of an expectation of privacy prevents the Appellant from being within the ambit of the *Wert* decision. He stands, therefore, within the *Hester* "open fields doctrine" and the application of that doctrine to the facts of this case shows no violation of his constitutional rights against an unlawful search.

■ The Appellant's claim that the evidence does not support the verdict is misplaced. He contends that because the jury's verdict did not specify whether they found him guilty of manufacturing or attempting to manufacture whiskey, but only found him guilty, that the verdict is void. The indictment in this case was based upon T.C.A. § 39–2521 which prohibits making or attempting to make intoxicating whiskey. This statute creates one offense which may be committed either way. It does not create separate and distinct offenses. He was charged with only one offense. The general verdict of the jury applies to the only offense for which he was charged and is valid. See *Pope v. State*, 528 S.W.2d 54 (Tenn.Cr.App.1975).

■ The Appellant further says this evidence does not exclude the likelihood that the alcohol was less than 188 proof which would bring him under the exceptions of manufacturing for chemical, pharmaceutical, medical, and bacteriological purposes. The claim is not maintainable because there is no evidence to show that the Appellant was making whiskey of less than 188 proof for the purposes which would bring him within the exception of T.C.A. § 39–2521. A person claiming to be within the exception of a penal statute must show that he is entitled to claim the exception. *Villines v. State*, 96 Tenn. 141, 33 S.W. 922 (1896); *Vance v. State*, Tenn. Cr.App., 557 S.W.2d 750, filed at Jackson, June 30, 1977, cert. denied November 14, 1977.

■ The Appellant further claims that there is no evidence that what he was manufacturing was whiskey. However, the evidence shows without dispute that he had assembled an apparatus capable of making "corn liquor or white lightning," that he had present at and in the apparatus the ingredients to make it, and that he was present at the still taking steps to continue processing the ingredients through the apparatus. There could be no other logical conclusion than that he was manufacturing or attempting to manufacture whiskey. *Hall v. State*, 151 Tenn. 416, 270 S.W. 84 (1925).

■ The Appellant is further frustrated in this claim by T.C.A. § 39–2523 and T.C.A. § 39–2525 which raise a presumption of a

violation of T.C.A. § 39–2521 by the possession of, or assembly of, any still or apparatus suitable for the purpose of making whiskey.

The Appellant has failed to demonstrate that the evidence preponderates against the verdict of the jury. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

The Appellant complains that the court erroneously charged the jury as follows:

"When a person is found in possession or control of any still or apparatus, or part thereof, such possession or control shall be deemed prima facie evidence in a prosecution under section 39–2521 that such possession or control was for the purpose of manufacturing intoxicating liquor as prohibited by such law."

 The Appellant contends that the charge was erroneous because it did not explain to the jury what was meant by the words "prima facie," that it did not specify that the charge was not applicable to the manufacturing of beer or that it was to be considered only with the charge under T.C.A. § 39–2521 and that the jury might be influenced by the charge. We see no merit in this complaint. The only offense on which the Appellant was charged was a violation of T.C.A. § 39–2521. The charge specifically pointed out to the jury that the presumption raised by the possession of the apparatus was applicable to prosecutions under this statute. This charge comes from T.C.A. § 39–2525 which is applicable to prosecutions under T.C.A. § 39–2521.

 T.C.A. § 39–2521, contrary to the Appellant's contention, is a valid statute under which this prosecution was held. The Appellant says that T.C.A. § 57–101 through T.C.A. § 57–168, which allows for the manufacturing of whiskey under the terms of those statutes, have repealed T.C.A. § 39–2521. These statutes are local option statutes and do not repeal T.C.A. § 39–2521 and § 39–2522 unless they have been adopted by vote in the county in which a prosecution is proceeding. *Clark v. State ex rel. Bobo*, 172 Tenn. 429, 113 S.W.2d 374 (1938). This record does not show that Madison County has voted for the manufac-

turing of whiskey under the local option law.

The burden was upon the Appellant to show the applicability of this exception to the general law if he is to claim the protection thereof. He did not do so.

In the selection of the jury, the Appellant excused two prospective jurors. He was then required by the trial judge to pass first upon the two prospective jurors called to replace them. The Appellant says this was error.

 The Appellant did not raise this issue in his motion for a new trial. He raises it the first time on appeal. He may not, however, raise the issue in this manner. His failure to raise the issue in his motion for a new trial precludes us from considering it on appeal. *Kirby v. State*, 214 Tenn. 296, 379 S.W.2d 780 (1964). We see, however, no prejudice to him by the method used to select the jury.

O'BRIEN and TATUM, JJ., concur.

TATUM, Judge, concurring.

I agree that *State v. Wert*, 550 S.W.2d 1 (Tenn.Cr.App.1977) is not applicable. However, I would point out that though the Tennessee Supreme Court denied certiorari in *State v. Wert, supra*, the Supreme Court has not sanctioned this court's opinion in *State v. Wert*. The order of the Supreme Court denying certiorari, specified that its refusal to review *State v. Wert* was based upon a jurisdictional proposition only and the Court did not consider the merits of *State v. Wert*.

I would also mention that the majority opinion in the *Wert* case relied heavily on *United States ex rel. Gedko v. Heer*, 406 F.Supp. 609 (WD Wis.1975). On December 6, 1976, the 7th Circuit, United States Court of Appeals, filed its opinion in *United States ex rel. Saiken v. Bensinger*, 546 F.2d 1292 (7th Cir. 1976), which in effect overrules *Gedko v. Heer, supra*, and recognizes the validity of the "open fields doctrine" as established in *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924).

Thus, the holding of the District Court for the Western District of Wisconsin is no longer authority, even in that jurisdiction. .

Insofar as I know, Tennessee is the only American jurisdiction protecting open fields. I hope that our Supreme Court some day reaches this vital question on its merits.