Lloyd Orville NEASE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, Knoxville.

July 6, 1979.

Permission to Appeal Denied by Supreme Court Oct. 22, 1979.

James A. H. Bell, Ritchie & Tipton, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Sevierville, William M. Leibrock, Newport, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant was convicted of first degree murder, kidnapping, and possession of a firearm while committing a felony. He was sentenced to life imprisonment on the murder conviction, and for not less than, nor more than, two (2) years for each of the other offenses. The sentences were fixed to be served consecutively.

■ Defendant first charges he was entitled to a directed verdict because the evidence preponderated against his guilt. He says specifically there was insufficient corroboration of the testimony of an accomplice.

It is contended, and the record sustains the contention, that the principal evidence against him was the testimony of one Alfred Jackson. According to the State's evidence, and Jackson's own admission, he participated with defendant in the homicide of a man named Jimmy Lee Lane. Lane was abducted from his home and transported to a remote, wooded area in the trunk of his own vehicle. The car, with the unconscious victim in the trunk, was doused with gasoline and set afire. An explosion occurred blowing the victim from the trunk of the automobile. He was then shotgunned in the back of the head by defendant. His body, and the burned vehicle, were discovered several hours later in the morning. Jackson was to be paid Five Thousand Dollars ($5,000.00) for his part in the crime. Prior to the homicide he received One Thousand Dollars ($1,000.00) from defendant, who subsequently paid Mrs. Jackson an additional Three Thousand Three Hundred Dollars ($3,300.00). Defendant and Jackson had been seen together by various people several times prior to the homicide. A ski mask was found in Jackson's car from which fibers were removed matching a rug in defendant's house as well as other items of defendant's clothing. There were other bits and pieces of evidence but the summary above makes it plain there was sufficient corroboration of the testimony of Alfred Jackson to warrant defendant's conviction.

In *McKinney v. State*, 552 S.W.2d 787, 789 (Tenn.Cr.App.1977), the Court stated the principle which applies:

"The rule is that there must be some fact testified to, entirely independent of the accomplice's testimony which, taken by itself, leads to an inference, not only that a crime has been committed, but also that the accused is implicated in the crime. *State v. Fowler*, 213 Tenn. 239, 373 S.W.2d 460 (1963). The corroborative evidence may be direct or circumstantial. It need not be, of itself, sufficient to support a conviction. If the corroborating evidence fairly and legitimately tends to connect the accused with the commission of the crime charged, it satisfies the requirement of the rule on corroboration of an accomplice's testimony. *Sherrill v. State*, 204 Tenn. 427, 321 S.W.2d 811 (1959). Slight circumstances may be sufficient to furnish the necessary corroboration of an accomplice's testimony. *Garton v. State*, 206 Tenn. 79, 332 S.W.2d 169 (1960). The question of corroboration of an accomplice's testimony is for the jury to determine. *Clapp v. State*, 94 Tenn. 186, 30 S.W. 214 (1895). The jury may look at all the evidence in the case and draw reasonable inferences therefrom."

We overrule the assignment.

■ Defendant says the trial court erred in refusing to dismiss the indictment because of the active participation of members of the attorney general's staff in the grand jury proceedings. He also says he was denied a hearing on this issue.

Defense counsel filed a pre-trial motion to dismiss in which he alleged, inter alia, that the District Attorney General for Cocke County, or some of his staff, was present during the examination of witnesses by the grand jury and participated in the examination of the witnesses, taking notes, or transcribing the testimony. It was asserted that this conduct on the part of the District Attorney General, his comments and recommendations, colored the investigation of this matter and were improper influences on the impartial examination and determination of the Grand Jury.

When this motion was presented and argued in the trial court defense counsel was given the opportunity to present any evidence which he had to sustain the charges. None was proffered. This was obviously a fishing expedition designed for interrogating the District Attorney General and his staff in an attempt to provide corroboration of an unsustained allegation of impropriety in the Grand Jury investigatory process. The assignment is without merit and is overruled.

■ Error is charged to the trial court for quashing defense subpoenas issued for pre-trial motion hearings. It is insisted defendant's right to pre-trial discovery was inhibited.

The rules of the trial court apparently allowed five days after arraignment for the submission of pre-trial motions. A number of such motions were filed on behalf of defendant and set for hearing on a day certain. Prior to the day set for disposition of the motions defense counsel was summoned into court to show cause why a number of subpoenas should not be quashed which were issued by him in conjunction with the hearings on the motions. It developed that these witnesses were called on behalf of defendant to testify about their reluctance to discuss the case with defense counsel. The inference was made that they had been influenced by the Attorney General's staff or law enforcement officials. The trial judge considered the authorities cited by defendant, and held that there had been no official interference with witnesses. He offered to enter an order to the effect that defense counsel had the right to interview any witness whom he chose, but he declined to compel any witness to discuss the case. The court then went on to dispose of the motions filed in an effort to avoid the necessity of a second hearing. All of the motions pertaining to discovery were granted within the limitations incurred by the State's ability to comply. Defense counsel was not inhibited in preparing for trial in any particular which could have been avoided. There is no lawful authority for the issue of subpoenas compelling witnesses to submit to discovery interrogation by defense attorneys. *Graves v. State,* 489 S.W.2d 74 (Tenn.Cr.App.1972). The assignments are overruled.

■ Defendant says the denial of a continuance resulted in ineffective assistance of counsel because his attorney was unable to investigate the case in the time allowed.

Defense counsel was retained in this case on June 17, 1977. Defendant was indicted on October 18, 1977 and arraigned on October 20, 1977. The case was set for trial on November 28, 1977. This was a very serious case in which a large number of witnesses were on call on behalf of the State. Defense counsel's work was cut out for him, however, there is no evidence that the granting of a continuance would have changed the outcome of the case in any fashion. The rule is clearly set out in *Baxter v. State,* 503 S.W.2d 226 (Tenn.Cr.App. 1973):

"A reversal will be ordered on account of a denial of a continuance only if the appellate court is convinced that the complaining party did not have a fair trial and that a different result would or might reasonably have been reached had there been a different disposition of the application for a continuance."

Our review of the record in this case satisfies us that there was no abuse of discretion on the part of the trial judge in denying a continuance. See *Bivens v. State,* 4 Tenn.Cr.App. 580, 474 S.W.2d 431 (1971). We overrule the assignment.

■ It is insisted defendant was prejudiced by denial of the right to voir dire prospective jurors, relative to their understanding and acceptance of certain propositions of law.

Defense counsel endeavored to examine the prospective jurors on the law of alibi, corroboration of accomplice's testimony, expert witnesses, and various other legal matters. In *Smith v. State,* 205 Tenn. 502, 327 S.W.2d 308 (1959), our Supreme Court said:

". . . A voir dire examination is for the purpose of advising counsel of the juror's qualification, interest, or bias, as a matter of fact, presupposing his statutory competence, that is, age, residency, etc. The subjacent purpose is to enable the exercise of one's peremptory challenges. In this process, it has been held, and it seems to us fairly so, that proper fields of inquiry include the juror's occupation, habits, acquaintanceships, associations, and other factors, including his experiences, which will indicate his freedom from bias. . . ." [Cited authorities omitted].

Counsel's interpretation of the law may not coincide with what the law of the case really is. It is the function of the trial judge to instruct the jury on the law of the case at the appropriate time. There was no abuse of discretion on the part of the trial judge in limiting the nature of voir dire examination by defense counsel. We overrule the assignment.

By his seventh and eighth assignments defendant charges error in admission of certain tangible, expert, and testimonial evidence which had not previously been made available to him in accordance with discovery motions. He also says his examination of certain witnesses was limited in violation of his constitutional rights. Specific objection is made to the testimony of FBI Agent Hallett, and witnesses Patricia Davis and Casey Huffman.

■ The objection to the admission of the testimony of the witness Hallett was made because of the proximity to the trial date when his name was added to the list of witnesses by the District Attorney General and because defense counsel was not provided with analysis documents and test sheets until shortly before the witness was to testify. Hallett testified as a handwriting expert. The court found that his name could not be added to the witness list until the State had been apprised of the nature of his testimony and that defense counsel received the requested documents at approximately the same time that the State's counsel received them. The court also held that defense counsel knew the nature of this witness' testimony and had ample time in which to have a handwriting expert available at trial. We find no violation of any right of the defendant in this ruling by the trial judge. The witness Davis was an employee of the lawyer hired by Jackson. Her testimony did no more than corroborate that of Betty Jackson to the effect that she had paid a lawyer Three Thousand Two Hundred Dollars ($3,200.00) to represent her husband. We find no prejudice to the defendant in that testimony. The objection to the testimony of the witness Huffman was because his name was not listed on the

indictment and defense counsel was not informed until a day or two before trial that he was to testify. The trial judge overruled the objection because the witness was called in rebuttal, and not to testify in the State's case in chief. The witness rebutted defendant's denial that he had been at Alfred Jackson's home the night before the crime. Any competent evidence which explains or is a direct reply to, or a contradiction of, material evidence introduced by the accused, or which is brought out on his cross-examination is admissible in rebuttal. See 23 C.J.S. Criminal Law § 1050. There was no error in the admission of this testimony.

■ A general complaint of error is made about the admission, over objection, of physical evidence and some of the tests made by experts. The court granted discovery of all of the evidence which the defense was entitled to inspect. Some of this evidence was not in the hands of the State's counsel nor available to either counsel until immediately before or about the time of the trial. The State had no greater opportunity to examine the evidence than did the defense. There has been no indication of the manner in which defendant was prejudiced by these circumstances and the assignment is overruled.

■ Specific complaint is made about limitations placed on the cross-examination of witnesses by the trial court. Reference is made to the cross-examination of TBI Agent Walter Bearden. We have examined the record of the testimony of this witness and do not find any abuse of the trial court's discretion in directing the course of the cross-examination. The same is true with the testimony of Officer George Grooms as well as that of FBI Agents Wilkes, Hippard and Hallett. Although the names of these officers was not added to the witness list until shortly preceding the trial, the court's efforts were directed toward the materiality of the testimony being elicited by cross-examination and did not limit defense counsel's efforts in any other manner. We do not find error and overrule the assignment.

Defendant says the trial judge gave preliminary oral instructions to the jury which were not reduced to writing as required by law.

■ The preliminary instructions referred to were matters pertinent to the sequestration of the jury and preparatory to their consideration of the evidence to be adduced at trial and not those matters contemplated by T.C.A. Sec. 40–2516 as the charge to be submitted to the jury in writing in felony cases. While the trial judge may have been somewhat verbose in his preliminary instructions, those matters mentioned by him which were essential to the final jury instructions were included in those instructions and reduced to writing and submitted to the jury in accordance with the statute. We mention in passing that this complaint was not included in defendant's motion for new trial and the failure to raise the issue at the appropriate time precludes its consideration on appellate review. See *Session v. State*, 563 S.W.2d 799 (Tenn.Cr.App.1978). We overrule the assignment.

It is submitted that the guilty verdict for possession of a firearm in the commission of a felony is void and was not based upon a charge which stated a criminal offense.

Defendant was indicted on two counts of murder. Under T.C.A. Sec. 39–2402(1) for willfull (sic), deliberate malicious and premeditated murder; and under T.C.A. Sec. 39–2402(4) for willfull (sic), deliberate and malicious murder during the perpetration of a kidnapping. He was indicted for kidnapping under T.C.A. Sec. 39–2601; and under T.C.A. Sec. 39–4914 for employing a firearm while committing a felony to wit: Murder and/or kidnapping.

The jury found defendant guilty of homicide under both counts of the indictment. In a bifurcated trial they fixed his punishment at life in the penitentiary for the offense of murder in the first degree. They found him guilty of kidnapping and fixed his sentence at not less than two (2) nor more than two (2) years in the penitentiary. Under the indictment charging employment of a firearm in the commission of a felony,

T.C.A. Sec. 39–4914, the trial judge instructed the jury that possession of a firearm while committing a felony under T.C.A. Sec. 39–4923 was a lesser included offense. The jury found defendant guilty of that offense and fixed his punishment at not less than two (2) nor more than two (2) years in the penitentiary.

The trial court entered judgment finding the defendant guilty of murder in the first degree under Indictment No. 3423 and fixed punishment for life in the State Penitentiary. The court pronounced judgment under Indictment No. 3424 for kidnapping and fixed punishment at not less than nor more than two (2) years in the penitentiary and under Indictment No. 3425 adjudged the defendant guilty of possession of a firearm while committing a felony with punishment fixed at not less than two years nor more than two years in the penitentiary. The punishment imposed under No. 3425 was set to run consecutively to the punishment under Indictment No. 3424 which was set to run consecutively to the life sentence imposed under Indictment No. 3423.

■ We have concluded that the sentences set by the trial court must be revised. The judgment under Indictment No. 3423 obviously followed Count One of the indictment. Therefor the verdict of the jury under Count Two must be considered as surplusage. The judgment under Indictment No. 3424 for kidnapping may stand as rendered. The indictment under Number 3423 poses an additional problem. The homicide in this case was the result of a shotgun wound to the back of the head. Under the circumstances and facts of the case it would have been impossible to commit the homicide without employing a firearm while committing the felony. Our Supreme Court has ruled in *State v. Hudson*, 562 S.W.2d 416 (Tenn.1978), that T.C.A. Sec. 39–4914 does not create a separate offense, but provides for enhanced punishment for one who employs a firearm as a means of committing a felony. This being the law, there can be no lesser included offense of a nonexistent crime. Therefor the jury instruction of a lesser included offense under

T.C.A. Sec. 39–4923 was erroneous. Under these circumstances the judgment for possession of a firearm while committing a felony must be considered a nullity.

The judgment under Indictment No. 3423 for murder in the first degree is affirmed. The judgment finding defendant guilty of kidnapping under Indictment No. 3424 is affirmed with the sentence to be served consecutive to the sentence imposed under Indictment No. 3423. The judgment under Indictment No. 3425 for possession of a firearm while committing a felony is vacated and set aside.

WALKER and BYERS, JJ., concur.