**STATE of Tennessee, Appellee,**

v.

**Clarence WASHINGTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 28, 1983.

Permission to Appeal Denied by the Supreme Court Oct. 11, 1983.

Howard L. Wagerman, Memphis, for appellant.

William M. Leech, Jr., State Atty. Gen., and Reporter, Raymond S. Leathers, Asst. State Atty. Gen., Nashville, Edgar A. Peterson, IV, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of assault with the intent to commit armed robbery with a deadly weapon and carrying a pistol with the intent to go armed. The defendant received a sentence of not less than five (5) years nor more than ten (10) years on the felony conviction and a fine of two hundred fifty dollars ($250.00) on the misdemeanor conviction.

The defendant says the trial court erroneously limited his voir dire of the jury, says it was error to allow written questions to be submitted to a witness who was deaf, says photographs of the defendant were erroneously introduced because they were prejudicial, says, in various assignments, that the evidence does not support the verdict, and says the trial court erroneously found it was without jurisdiction to consider the defendant's amended motion for a new trial.

The judgments are affirmed.

The evidence shows that at approximately 6:00 a.m. on January 28, 1981, Johnny Kibble was walking along a street in Memphis. A man approached Kibble from behind and struck him about the body and then struck him three times on the head with a pistol. The man then pointed the gun at Kibble's face and said something to him. Kibble, who is deaf, was unable to understand what the man said.

Two police officers, who were patrolling in the area, saw the altercation. The officers got out of their vehicle and approached Kibble and the man who had the gun. The man ran, and the officers chased him. The man was captured shortly by the police. Kibble and both police officers identified the defendant as the perpetrator of this offense.

■ In his voir dire of the jury, defense counsel sought to instruct the jury on the law of reasonable doubt, presumption of innocence and the effect of an indictment. The trial judge would not permit counsel to instruct the jury on the law. Counsel insisted it was necessary to do this in order to determine if the jury would follow the law. The trial judge allowed counsel to ask the jurors if they would follow the law, but told counsel the court would instruct the jury on the various aspects of the law. This court has previously held that it is not error for the trial judge to prohibit counsel from explaining the law to the jury during voir dire. *Nease v. State,* 592 S.W.2d 327 (Tenn. Cr.App.1979). The trial judge did not commit error in this regard and correctly denied the defendant's motions for a mistrial and for the trial judge to recuse himself, which motions were based on the trial judge's action in limiting counsel's remarks during voir dire.

■ The victim in this case was deaf but could speak. Prior to trial the state prepared written questions. These questions were submitted to the victim at trial. The defendant contends this was erroneous because it amounted to rehearsed testimony and hindered his ability to cross-examine the witness.

This assignment has no merit. Counsel for the defendant was allowed to cross-examine the witness by written questions. The credibility of the witness's testimony was resolved by the jury in favor of the state. Submitting written questions to a

witness who is deaf is a proper method of obtaining testimony from the witness.

■ The defendant objected to the introduction of pictures taken of him on the day of the offense because the pictures were obviously police photographs, which are commonly referred to as "mug shots." The admissibility of photographs is within the discretion of the trial judge, and unless this Court can say the prejudicial effect of a photograph far outweighs the probative value thereof, the trial judge will not be found to have abused his discretion. *State v. Banks,* 564 S.W.2d 947 (Tenn.1978).

■ The danger in the introduction at trial of mug shots of an accused is that an inference of previous criminal activity may arise. However, mug shots alone are not sufficient to cause such inference. *United States v. Calarco,* 424 F.2d 657 (2nd Cir. 1970). The mug shots in this case bore the date of the offense. Obviously, the pictures would not raise any inference of prior criminal activity.

The defendant in various assignments insists there was not sufficient evidence to show the defendant intended to commit an armed robbery when he accosted the victim. This argument is based upon the fact that the deaf victim could not understand what the defendant said to him.

The evidence clearly shows the defendant struck the victim with a gun, held the gun on him and spoke to him. The defendant fled when the officers approached.

■ Intent may be inferred from both direct and circumstantial evidence. *Graham v. State,* 218 Tenn. 453, 404 S.W.2d 475 (1966). The jury was warranted in finding that the defendant assaulted the victim with the gun in an effort to rob him and failed only because of the timely arrival of the police. The jury could also infer that the defendant, who had a pistol in his possession, carried the same with the intent to go armed. *Cole v. State,* 539 S.W.2d 46 (Tenn.Cr.App.1976). The evidence was sufficient for the jury to find guilt beyond a reasonable doubt on each offense. Rule 13(e), T.R.A.P.

■ The offense of carrying a weapon with the intent to go armed is a separate and distinct offense from the offense of assault with intent to commit armed robbery. *Cole v. State, supra.* The defendant's contention that this offense merged with the assault with intent to commit robbery is without merit.

■ There is no merit to the defendant's contention that the trial court improperly held it was without jurisdiction to hear the amended motion for a new trial. The defendant's motion for a new trial was filed on October 25, 1982. This motion was denied on November 29, 1982. The amended motion for a new trial was filed on February 18, 1983. The motion for a new trial must be filed within thirty days from the verdict. Amendment to the motion may be made until the hearing thereon. Rule 33(b), T.R.Cr.P. The amended motion for a new trial was filed after the date the trial court denied the motion for a new trial. The trial court, therefore, had no jurisdiction to entertain the motion.

CORNELIUS, J., and RICHARD R. FORD, Special Judge, concur.